■ JOHN BOWMAN, Individually and as Successor in Title to 2069 Realty, Inc., et al., Appellants, v GEORGE DI PLACIDI et al., Respondents. [811 NYS2d 638]—

Order, Supreme Court, New York County (Walter B. Tolub, J.), entered June 8, 2004, which, inter alia, granted defendants' CPLR 3211 motion insofar as to dismiss the first and second causes of action on statute of frauds grounds, and order, same court and Justice, entered on or about September 9, 2004, which, to the extent appealable, denied plaintiffs' motion for renewal and for leave to amend the complaint to include a cause of action for rescission, unanimously affirmed, with costs.

Plaintiffs' claims for breach of an alleged oral contract for the transfer and reconveyance some three years later of a parcel of real property, were properly dismissed since the purported agreement is void under the statute of frauds (*see* General

Obligations Law §§ 5-701, 5-703). Plaintiffs' allegations that they partially performed the agreement are insufficient to remove the agreement from the statute since the conduct relied upon, i.e., delivery of a deed, which did not recite the consideration paid for the property, is not unequivocally referable to the alleged agreement (*see Messner Vetere Berger McNamee Schmetterer Euro RSCG v Aegis Group*, 93 NY2d 229 [1999]). Moreover, since the agreement was not performable within one year, plaintiffs' reliance upon part performance to remove the agreement from the statute's preclusive scope is, in any event, unavailing (*see* General Obligations Law § 5-701; *Stephen Pevner, Inc. v Ensler*, 309 AD2d 722 [2003]).

We have reviewed plaintiffs' remaining arguments and find them unavailing. Concur—Buckley, P.J., Marlow, Sullivan, Catterson and McGuire, JJ.