■ THERESA FEDERICO, Individually and Derivatively on Behalf of CHALLENGE GRAPHICS SERVICES, INC., Appellant-Respondent, v ANTHONY BRANCATO, Respondent-Appellant, and JOSEPH BRANCATO, Respondent. [41 NYS3d 742]—

In an action, inter alia, to recover damages for breach of

fiduciary duty, unjust enrichment, and breach of contract, the plaintiff appeals, as limited by her brief, from so much of an interlocutory judgment of the Supreme Court, Suffolk County (Emerson, J.), dated August 6, 2014, as, after a nonjury trial on the issue of liability, is in favor of the defendants and against her dismissing the first, second, third, fifth, and sixth causes of the action, and the defendant Anthony Brancato cross-appeals, as limited by his brief, from so much of the same judgment as is in favor of the plaintiff and against him on the seventh cause of action.

Ordered that the interlocutory judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The plaintiff, Theresa Federico, (hereinafter Theresa), and the defendants, Anthony Brancato (hereinafter Anthony) and Joseph Brancato (hereinafter Joseph), collectively with Roseann Brancato (hereinafter Roseann), who is deceased, each owned shares in a family business, Challenge Graphics Services, Inc. (hereinafter CGS). Anthony and Roseann were the parents of Joseph and Theresa. In 1994, Theresa began working at CGS as the company's accountant and, in essence, its chief financial officer. In 2001, Theresa, Anthony, Roseann, and Joseph signed a shareholders' agreement, whereby Theresa and Joseph acquired shares in CGS. The agreement also provided that CGS "shall continue the employment of each of the Shareholders in their executive capacity so long as he or she shall continue to duly perform their executive duties." In 2012, Anthony and Roseann sought to induce Theresa to sell her shares in CGS, and when she refused, they terminated her employment. Theresa commenced this action on behalf of herself and CGS derivatively, alleging, inter alia, breach of fiduciary duty, unjust enrichment, and breach of contract. Following a nonjury trial on the issue of liability, the Supreme Court dismissed the complaint, except for the cause of action alleging breach of contract, and found in favor of Theresa on the issue of the defendants' liability for breach of contract. Theresa appeals and Anthony cross-appeals.

The Supreme Court did not err in dismissing the first, third, and fifth causes of action, which were derivative causes of action, since the thrust of the plaintiff's action is to vindicate her personal rights as an individual and not as a stockholder on behalf of CGS (see *Craven v Rigas*, 85 AD3d 1524, 1527 [2011]; *Albany-Plattsburgh United Corp. v Bell*, 307 AD2d 416, 419 [2003]).

The Supreme Court did not err in dismissing the second

cause of action, alleging breach of fiduciary duty, as this cause of action is duplicative of the breach of contract cause of action, since the claims are based on the same facts and seek identical damages (*see Canzona v Atanasio*, 118 AD3d 841, 843 [2014]; *Chowaiki & Co. Fine Art Ltd. v Lacher*, 115 AD3d 600 [2014]; *Hylan Elec. Contr., Inc. v MasTec N. Am., Inc.*, 74 AD3d 1148, 1150 [2010]; *Brooks v Key Trust Co. N.A.*, 26 AD3d 628, 630 [2006]).

Likewise, the Supreme Court properly dismissed the sixth cause of action, alleging unjust enrichment, as the existence of a valid and enforceable agreement governing a particular subject matter precludes recovery in unjust enrichment for events arising out of the same subject matter (*see IDT Corp. v Morgan Stanley Dean Witter & Co.*, 12 NY3d 132, 142 [2009]; *Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 388 [1987]; *Woss, LLC v 218 Eckford, LLC*, 102 AD3d 860, 862 [2013]; *AHA Sales, Inc. v Creative Bath Prods., Inc.*, 58 AD3d 6, 20 [2008]).

The Supreme Court properly found in favor of the plaintiff and against the defendants on the issue of liability on the seventh cause of action, alleging breach of contract. "When interpreting a contract, the construction arrived at should give fair meaning to all of the language employed by the parties, to reach a practical interpretation of the parties' expressions so that their reasonable expectations will be realized" (*Fernandez v Price*, 63 AD3d 672, 675 [2009]; *see W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162 [1990]). Here, the court properly interpreted the shareholders' agreement, and correctly determined that Anthony and Roseann breached the provision thereof relating to the continuation of Theresa's employment in her executive capacity. Leventhal, J.P., Miller, LaSalle and Brathwaite Nelson, JJ., concur.