■ IME WATCHDOG, INC., Respondent, v BAKER, McEVOY, MORRISSEY & MOSKOVITS, P.C., et al., Appellants. [44 NYS3d 9]—

Order, Supreme Court, Bronx County (Fernando Tapia, J.), entered April 20, 2016, which, to the extent appealed from as limited by the briefs, denied defendant Baker, McEvoy, Morrissey & Moskovits, P.C.'s motion to change venue from Bronx County to Kings County, and granted plaintiff's motion for a temporary restraining order enjoining defendants from, inter alia, excluding non-attorneys from independent medical examinations (IMEs), unanimously reversed, on the law, without costs, the motion to change venue granted, and the motion for a preliminary injunction denied. Appeal from an interim order, same court and Justice, entered April 8, 2016,

unanimously dismissed, as subsumed in the appeal from the subsequent order.

On a motion to change venue, pursuant to CPLR 510 (1), "defendant's burden . . . is limited to establishing that the designated county is improper" (*Garced v Clinton Arms Assoc.*, 58 AD3d 506, 509 [1st Dept 2009]). Baker McEvoy clearly met its burden of proving that the designated county, in which none of the parties resided, was improper (CPLR 503 [a]). Having designated an improper county for venue and not submitted an affidavit showing either that its designation was proper or that Baker McEvoy's designation was improper, plaintiff forfeited its right to select the venue (*see Montilla v River Park Assoc.*, 282 AD2d 389 [1st Dept 2001]; *Lynch v Cyprus Sash & Door Co.*, 272 AD2d 260, 261 [1st Dept 2000]).

In this action, plaintiff IME Watchdog, Inc. (IMEWD), a company which provides plaintiffs' personal injury firms with non-attorney "watchdogs" to accompany plaintiffs to IMEs, failed to demonstrate the elements necessary for entitlement to injunctive relief, to wit (1) a likelihood of success on the merits; (2) irreparable injury; and (3) that the balance of equities are in its favor (*see Nobu Next Door, LLC v Fine Arts Hous., Inc.*, 4 NY3d 839 [2005]; *Doe v Axelrod*, 73 NY2d 748, 750 [1988]).

There has been no showing that the alleged tortious conduct which plaintiff seeks to enjoin, Baker McEvoy's exclusion of non-attorneys from IMEs (except under certain circumstances), exceeds its professional duty to defend its clients (*see Fried v Bower & Gardner*, 46 NY2d 765, 767 [1978]) or was tainted by fraud, collusion, malice or bad faith (*see Purvi Enters., LLC v City of New York*, 62 AD3d 508, 509-510 [1st Dept 2009]), especially since several Supreme Court decisions are in Baker McEvoy's favor on the issue of a non-attorney's presence at IMEs.

Additionally, plaintiff has not established that Baker Mc-Evoy's conduct was without excuse and/or justification, an element of the claims for tortious interference with a contract (*Lama Holding Co. v Smith Barney*, 88 NY2d 413, 424 [1996]), abuse of process (*see Board of Educ. of Farmingdale Union Free School Dist. v Farmingdale Classroom Teachers Assn., Local 1889, AFT AFL-CIO*, 38 NY2d 397, 403 [1975]), and prima facie tort (*see Burns Jackson Miller Summit & Spitzer v Lindner*, 59 NY2d 314, 332 [1983]), or was accompanied by the use of wrongful means or motivated solely by malice, a necessary element of its cause of action for tortious interference with contract (*see Snyder v Sony Music Entertainment*, 252 AD2d 294, 299-300 [1st Dept 1999]).

Plaintiff's claims of irreparable injury are belied by the fact that business has grown every year, and the testimony of plaintiff's three witnesses reflects that their firms' change in position, on the use of watchdogs, was made in response to adverse court rulings in their cases. The proper remedy, in those instances, would be to appeal the adverse decisions, and not commence a separate action against the attorneys who secured those rulings. Concur—Renwick, J.P., Saxe, Gische and Webber, JJ.