Ehrenreich v Israel (2020 NY Slip Op 06499)





Ehrenreich v Israel


2020 NY Slip Op 06499


Decided on November 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2018-09596
2018-10721
 (Index No. 504793/18)

[*1]Sholomo Ehrenreich, respondent,
v
Joel Israel, et al., appellants.


Tarter Krinsky & Drogin LLP, New York, NY (Anthony D. Dougherty and Jonathan E. Temchin of counsel), for appellants.
Jacobowitz Newman Tversky LLP, Cedarhurst, NY (Evan M. Newman and Aviva Francis of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, for specific performance of a contract for the sale of real property and to recover damages for breach of contract, the defendants appeal from (1) an order of the Supreme Court, Kings County (Sylvia G. Ash, J.), dated July 2, 2018, and (2) an order of the same court dated August 1, 2018. The order dated July 2, 2018, denied the defendants' motion to cancel a notice of pendency. The order dated August 1, 2018, denied the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the orders are reversed, on the law, with costs, the defendants' motion to cancel the notice of pendency is granted, the Kings County Clerk is directed to cancel the notice of pendency dated March 6, 2018, and the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint is granted.
The plaintiff and his father allegedly partnered with the defendants Joel Israel, Amrom Israel, and Michael Israel in various real estate ventures over a period of several years, and a dispute allegedly arose between the parties. As a result, the parties entered into a written settlement agreement (hereinafter the alleged contract) executed by the plaintiff, Joel, and Amrom providing, inter alia, that Joel and Amrom would sell to the plaintiff certain parcels of real property to settle the dispute. The defendants thereafter allegedly reneged on the alleged contract and the plaintiff commenced the instant action for specific performance, to recover damages for breach of contract, for a judgment declaring that the defendants willfully breached the alleged contract, and for the imposition of a vendee's lien. The plaintiff also filed a notice of pendency against the properties the defendants allegedly contracted to convey. Thereafter, the defendants moved to cancel the notice of pendency and pursuant to CPLR 3211(a) to dismiss the complaint. By orders dated July 2, 2018, and August 1, 2018, respectively, the Supreme Court denied both motions. The defendants appeal.
We agree with the defendants that the causes of action in the complaint, all of which are based on the alleged contract, are barred by the statute of frauds. "Pursuant to General Obligations Law § 5-703(2), a contract for the sale of real property 'is void unless the contract or [*2]some note or memorandum thereof, expressing the consideration, is in writing, subscribed by the party to be charged, or by his lawful agent thereunto authorized by writing'" (Makris v Boylan, 175 AD3d 1400, 1401). "A writing satisfies the statute of frauds if it identifies the parties to the transaction, describes the properties to be sold with sufficient particularity, states the purchase price and the down payment required, and is subscribed by the party to be charged" (id. at 1401; see 443 Jefferson Holdings, LLC v Sosa, 174 AD3d 486, 487). Moreover, "'a memorandum evidencing a contract and subscribed by the party to be charged must designate the parties, identify and describe the subject matter, and state all of the essential terms of a complete agreement'" (Nesbitt v Penalver, 40 AD3d 596, 597, quoting Walentas v 35-45 Front St. Co., 20 AD3d 473, 474). "In a real estate transaction, the essential terms of a contract typically include the purchase price, the time and terms of payment, the required financing, the closing date, the quality of title to be conveyed, the risk of loss during the sale period, and adjustments for taxes and utilities" (443 Jefferson Holdings, LLC v Sosa, 174 AD3d at 487; see Saul v Vidokle, 151 AD3d 780, 781).
Here, the alleged contract did not satisfy the statute of frauds, as it did not contain the essential terms typically included in a contract for the sale of real property, including the purchase price, the time and terms of payment, the required financing, the closing date, the risk of loss during the sale period, and adjustments for taxes and utilities (see Nesbitt v Penalver, 40 AD3d at 597). Additionally, the alleged contract was not signed by the defendant Michael Israel, and it indicated that several of the properties were co-owned by other individuals who also were not signatories to the document (see 443 Jefferson Holdings, LLC v Sosa, 174 AD3d at 488).
Further, the emails relied upon by the plaintiff to demonstrate that the parties reached a complete agreement were between the parties' attorneys, and there was neither an allegation in the complaint nor any evidence in the record that the attorneys were authorized in writing to bind the parties to a contract of sale (see General Obligations Law § 5-703[2]; 42nd Ave. Commons, LLC v Barracuda, LLC, 140 AD3d 1012, 1013). Moreover, the deeds relied upon by the plaintiff purported to convey the properties between corporate entities not identified in the contract (see Ross v Wu, 27 AD3d 237, 237; RAJ Acquisition Corp. v Atamanuk, 272 AD2d 164, 164), and the plaintiff admittedly rejected the deeds "pending a further agreement" on the purchase price and quality of title. Therefore, the deeds, when viewed together with the alleged contract, did not evidence a complete agreement between the parties (see Nesbitt v Penalver, 40 AD3d at 598-599; Dutchess Dev. Co. v Jo-Jam Estates, 134 AD2d 478, 479). Furthermore, the plaintiff's allegations that he partially performed under the contract are insufficient to remove the agreement from the statute, since the conduct relied on was not unequivocally referable to the alleged agreement (see Barretti v Detore, 95 AD3d 803, 806-807; Bowman v Di Placidi, 27 AD3d 259, 260). Accordingly, the Supreme Court should have granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint.
Inasmuch as there was no binding contract for the conveyance of real property between the parties, the defendants' motion to cancel the notice of pendency pertaining to the properties also should have been granted (see CPLR 6514; Saul v Vidokle, 151 AD3d at 781).
In light of the foregoing determination, we do not reach the parties' remaining contentions.
MASTRO, J.P., MILLER, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court