Board of Mgrs. of Brightwater Towers Condominium v FirstService Residential N.Y., Inc. (2021 NY Slip Op 02128)





Board of Mgrs. of Brightwater Towers Condominium v FirstService Residential N.Y., Inc.


2021 NY Slip Op 02128


Decided on April 7, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2018-11233
 (Index No. 505484/17)

[*1]Board of Managers of Brightwater Towers Condominium, appellant, 
v
FirstService Residential New York, Inc., respondent.


Woods Lonergan, PLLC, New York, NY (James F. Woods and Annie E. Causey of counsel), for appellant.
Gordon Rees Scully Mansukhani, LLP, New York, NY (Mark A. Beckman and Heather Griffin of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for breach of contract and breach of fiduciary duty, the plaintiff appeals from an order of the Supreme Court, Kings County (Carolyn E. Wade, J.), dated July 13, 2018. The order, insofar as appealed from, granted those branches of the defendant's motion which were pursuant to CPLR 3211(a)(7) to dismiss the cause of action to recover damages for breach of fiduciary duty and to disqualify Woods Lonergan, PLLC, from representing the plaintiff in this action.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the defendant's motion which were pursuant to CPLR 3211(a)(7) to dismiss the cause of action to recover damages for breach of fiduciary duty and to disqualify Woods Lonergan, PLLC, from representing the plaintiff in this action are denied.
In 2017, the Board of Managers of Brightwater Towers Condominium (hereinafter Brightwater) commenced this action against FirstService Residential New York, Inc. (hereinafter FirstService), the long-time manager of Brightwater's 734-unit condominium property pursuant to a management agreement. FirstService moved, inter alia, pursuant to CPLR 3211(a)(7) to dismiss the cause of action alleging breach of fiduciary duty and to disqualify the law firm of Woods Lonergan, PLLC (hereinafter the Woods Firm), from representing Brightwater in this action pursuant to Rules of Professional Conduct (22 NYCRR 1200.00) rule 1.9(a) on the ground that the Woods Firm had represented FirstService in a prior action commenced by a landscape contractor against FirstService for payment for services relating to Brightwater's property. The Supreme Court granted those branches of FirstService's motion, and Brightwater appeals.
On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), the court must afford the complaint a liberal construction, accept the facts as alleged in the complaint as true, accord the plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Leon v Martinez, 84 NY2d 83, 87-88). "The elements of a cause of action to recover damages for breach of fiduciary duty are (1) the existence of a fiduciary relationship, (2) misconduct by the defendant, and (3) damages directly caused by the defendant's misconduct" (Baldeo v Majeed, 150 AD3d 942, 945). A cause of action sounding in [*2]breach of fiduciary duty must be pleaded with particularity (see CPLR 3016[b]; Armentano v Paraco Gas Corp., 90 AD3d 683, 684).
A fiduciary relationship may exist when one party reposes confidence in another and reasonably relies on the other's superior expertise or knowledge. An arm's-length business relationship does not give rise to a fiduciary obligation, as the core of a fiduciary relationship is a higher level of trust than normally present in the marketplace between those involved in arm's-length business transactions (see Gall v Colon-Sylvain, 151 AD3d 698, 700-701). Thus, when the parties have entered into a contract, "a fiduciary relationship does not arise by operation of law, but must spring from the parties themselves, who agree to and accept the responsibilities that flow from such a contractual fiduciary bond. Courts look to the parties' agreements to discover, not generate, the nexus of relationship and the particular contractual expression establishing the parties' interdependency" (Northeast Gen. Corp. v Wellington Adv., 82 NY2d 158, 160).
Managing agents of a condominium may owe a fiduciary duty to the condominium, depending on the functions they assume (see Caprer v Nussbaum 36 AD3d 176, 192). A fiduciary, in the context of condominium management, "is one who transacts business, or who handles money or property, which is not [its] own or for [its] own benefit, but for the benefit of another person, as to whom [it] stands in a relation implying and necessitating great confidence and trust on the one part and a high degree of good faith on the other part" (Board of Mgrs. of Fairways at N. Hills Condominium v Fairway at N. Hills, 193 AD2d 322, 325 [internal quotation marks omitted]).
Here, Brightwater sufficiently alleged the existence of a fiduciary relationship with FirstService. The management agreement authorized FirstService to undertake exclusive management of the property, including cleaning and maintenance, repairs and alterations, insurance procurement, maintaining an operating account, paying all bills, collecting common charges, and entering into contracts for essential services. Brightwater alleged in its first amended verified complaint that FirstService also provided management services based on oral agreements and a course of conduct extraneous to the management agreement between January 1, 2007, and February 28, 2017, engendering a relationship of trust and confidence whereby FirstService was delegated significant authority and discretion in the operation of the property and in its access to Brightwater's bank accounts.
Although a cause of action alleging breach of fiduciary duty which is based on the same facts and seeks identical damages is duplicative of a breach of contract cause of action and should be dismissed on that basis (see Federico v Brancato, 144 AD3d 965), here, in addition to breaches of the management agreement, Brightwater alleges specific breaches of trust which are outside the duties set forth in the management agreement, such as misappropriation of funds, and instances of self-dealing, set forth with specificity. A "defendant may be liable in tort when it has breached a duty of reasonable care distinct from its contractual obligations, or when it has engaged in tortious conduct separate and apart from its failure to fulfill its contractual obligations" (New York Univ. v Continental Ins. Co., 87 NY2d 308, 316). Even if a cause of action concerns some of the same underlying conduct as the breach of contract cause of action, if the allegations concern a breach of a duty that is independent of the contract, they are not subject to dismissal as duplicative (see 37 E. 50th St. Corp. v Restaurant Group Mgt. Servs., L.L.C., 156 AD3d 569). Accordingly, the Supreme Court should have denied that branch of FirstService's motion which was pursuant to CPLR 3211(a)(7) to dismiss the cause of action to recover damages for breach of fiduciary duty.
With respect to that branch of FirstService's motion which was to disqualify the Woods Firm, a party seeking disqualification of an adversary's attorney pursuant to Rules of Professional Conduct (22 NYCRR 1200.00) rule 1.9(a) must prove "'(1) the existence of a prior attorney-client relationship between the moving party and opposing counsel, (2) that the matters involved in both representations are substantially related, and (3) that the interests of the present client and former client are materially adverse'" (Sessa v Parrotta, 116 AD3d 1029, 1029, quoting Tekni-Plex, Inc. v Meyner & Landis, 89 NY2d 123, 131). Although an attorney-client relationship was formed between the Woods Firm and FirstService in a prior action commenced by a landscape contractor against FirstService (see Terio v Spodek, 63 AD3d 719, 721), which ended in the Woods Firm obtaining a settlement and release, FirstService failed to provide any information as to whether [*3]its confidences and secrets were disclosed to the Woods Firm (see Jamaica Pub. Serv. Co. v AIU Ins. Co., 92 NY2d 631, 638). Rather, FirstService did not dispute Brightwater's showing that no confidential information was obtained from FirstService by the Woods Firm in connection with that prior action. As there is no indication in the record that confidential information was disclosed, there is no basis for disqualification (see Muriel Siebert & Co., Inc. v Intuit Inc., 8 NY3d 506). Moreover, the two actions are not substantially related (see Sessa v Parrotta, 116 AD3d 1029, 1029-1030). Therefore, FirstService failed to sustain its burden of establishing that disqualification was warranted (see Carroll-Mikhail v Teutonico, 181 AD3d 643; Gulino v Gulino, 35 AD3d 812). Accordingly, the Supreme Court should have denied that branch of FirstService's motion which was for disqualification.
CHAMBERS, J.P., HINDS-RADIX, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court