Board of Mgrs. of Brightwater Towers Condominium v M. Marin Restoration, Inc. (2022 NY Slip Op 03491)





Board of Mgrs. of Brightwater Towers Condominium v M. Marin Restoration, Inc.


2022 NY Slip Op 03491


Decided on June 1, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 1, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
SHERI S. ROMAN
LINDA CHRISTOPHER
WILLIAM G. FORD, JJ.


2020-00222
 (Index No. 509073/16)

[*1]Board of Managers of Brightwater Towers Condominium, plaintiff, 
v
M. Marin Restoration, Inc., et al., defendants, FirstService Residential New York, Inc., etc., appellant; James Woods, etc., et al., nonparty-respondents (and other actions).


Gordon Rees Scully Mansukhani, LLP, New York, NY (Mark A. Beckman and Heather E. Griffin of counsel), for appellant.
Woods Lonergan, PLLC, New York, NY (Annie E. Causey of counsel), nonparty-respondent pro se and for nonparty-respondent James Woods.
Holihan & Associates, P.C., Richmond Hill, NY (Jason Berke of counsel), nonparty-respondent pro se.



DECISION & ORDER
In a consolidated action, inter alia, to recover damages for breach of contract, the defendant FirstService Residential New York, Inc., appeals from an order of the Supreme Court, Kings County (Larry D. Martin, J.), dated December 3, 2019. The order, insofar as appealed from, denied those branches of that defendant's motion which were to hold nonparties James Woods, Woods Lonergan, PLLC, and Holihan & Associates, P.C., in civil contempt and to disqualify nonparty Holihan & Associates, P.C., as counsel for the plaintiff.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.
The Board of Managers of Brightwater Towers Condominium (hereinafter Brightwater) manages a condominium complex in Brooklyn. FirstService Residential New York, Inc. (hereinafter FirstService), was the managing agent for Brightwater, and hired various vendors to make repairs to the condominium buildings. Between 2015 and 2017, Brightwater commenced four separate actions—one against FirstService (hereinafter the FirstService action), and the other three against individual vendors who had made repairs to the condominium buildings—alleging, among other things, breach of contract and negligence. Woods Lonergan, PLLC (hereinafter the Woods Firm), initially represented Brightwater in each of the four actions.
Thereafter, FirstService moved, inter alia, to have the Woods Firm disqualified as counsel for Brightwater in the FirstService action on the ground that the Woods Firm had represented FirstService in a prior action (see Board of Mgrs. of Brightwater Towers Condominium v FirstService Residential N.Y., Inc., 193 AD3d 672). By order dated July 13, 2018, the Supreme [*2]Court, among other things, granted that branch of FirstService's motion (hereinafter the disqualification order). Holihan & Associates, P.C. (hereinafter the Holihan Firm), was then retained as substitute counsel for Brightwater in the FirstService action.
In January 2019, one of the individual vendors moved to consolidate all four actions. Brightwater, which was represented by the Holihan Firm in the FirstService action and by the Woods Firm in the other three actions, opposed the motion to consolidate. In an order dated August 14, 2019, the Supreme Court, among other things, granted the motion to consolidate the four actions. The court noted in its order that, since the Woods Firm had been disqualified from representing Brightwater in the FirstService action, it was disqualified from representing Brightwater in the consolidated action.
Thereafter, FirstService moved, among other things, to hold the Woods Firm, James Woods, an attorney and managing partner of the Woods Firm, and the Holihan Firm (hereinafter collectively the attorney respondents) in civil contempt, arguing that they had violated the disqualification order by communicating with each other when preparing their opposition to the motion to consolidate. FirstService also sought to disqualify the Holihan Firm from representing Brightwater in the consolidated action. By order dated December 3, 2019, the Supreme Court, inter alia, denied those branches of FirstService's motion, and FirstService appeals.
The Supreme Court properly denied that branch of FirstService's motion which was to hold the Holihan Firm in civil contempt. Pursuant to Judiciary Law § 756, a contempt application must be in writing, must be made upon at least 10 days' notice, and must contain on its face the statutory warning that "FAILURE TO APPEAR IN COURT MAY RESULT IN . . . IMMEDIATE ARREST AND IMPRISONMENT FOR CONTEMPT OF COURT." Here, FirstService's motion did not contain the warning required by Judiciary Law § 756, and, in its papers submitted in opposition to FirstService's motion, the Holihan Firm objected to FirstService's failure to include the required warning. As such, the court was without jurisdiction to punish the Holihan Firm for contempt for allegedly failing to comply with the disqualification order (see Judiciary Law § 756; Community Preserv. Corp. v Northern Blvd. Prop., LLC, 139 AD3d 889, 890; Cappello v Cappello, 274 AD2d 538, 539).
Although Woods and the Woods Firm did not object to FirstService's failure to comply with the warning requirement of Judiciary Law § 756, and thus, waived the protections afforded by the statute (see Matter of Rappaport, 58 NY2d 725, 726), the Supreme Court nevertheless providently exercised its discretion in denying those branches of FirstService's motion which were to hold Woods and the Woods Firm in civil contempt. In order to prevail on a motion to hold another party in civil contempt, the movant is required to prove, by clear and convincing evidence, "(1) that a lawful order of the court was in effect, clearly expressing an unequivocal mandate, (2) the appearance, with reasonable certainty, that the order was disobeyed, (3) that the party to be held in contempt had knowledge of the court's order, and (4) prejudice to the right of a party to the litigation" (Matter of Mendoza-Pautrat v Razdan, 160 AD3d 963, 964; see El-Dehdan v El-Dehdan, 26 NY3d 19, 29; Matter of Banks v Stanford, 159 AD3d 134, 140). The movant "need not establish 'that the disobedience was deliberate or willful'" (Rhodes v Rhodes, 169 AD3d 841, 843 [alterations omitted], quoting Matter of Philie v Singer, 79 AD3d 1041, 1042; see El-Dehdan v El-Dehdan, 26 NY3d at 35). "Once the movant establishes a knowing failure to comply with a clear and unequivocal mandate, the burden shifts to the alleged contemnor to refute the movant's showing, or to offer evidence of a defense, such as an inability to comply with the order" (El-Dehdan v El-Dehdan, 114 AD3d 4, 17, affd 26 NY3d 19).
Here, FirstService failed to establish, by clear and convincing evidence, that Woods and the Woods Firm disobeyed the disqualification order. Although the attorney respondents acknowledged that they communicated with each other when preparing their opposition to the motion to consolidate, FirstService failed to establish by clear and convincing evidence that the Woods Firm thereby continued to represent Brightwater in the FirstService action. The Woods Firm had an independent obligation to continue to represent Brightwater in the three actions against the individual vendors which, along with the FirstService action, were collectively the subject of the [*3]motion to consolidate (see generally Gulino v Gulino, 35 AD3d 812, 812).
The Supreme Court also properly denied that branch of FirstService's motion which was to disqualify the Holihan Firm as substitute counsel for Brightwater, as FirstService failed to prove any of the requisite elements that would warrant the disqualification of the Holihan Firm as Brightwater's counsel (see Tekni-Plex, Inc. v Meyner & Landis, 89 NY2d 123, 131; Board of Mgrs. of Brightwater Towers Condominium v FirstService Residential N.Y., Inc., 193 AD3d at 675).
In light of the foregoing, we need not address the parties' remaining contentions.
CONNOLLY, J.P., ROMAN, CHRISTOPHER and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court