New York Mar. & Gen. Ins. Co. v Wesco Ins. Co. (2023 NY Slip Op 00734)

New York Mar. & Gen. Ins. Co. v Wesco Ins. Co.

2023 NY Slip Op 00734

Decided on February 09, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 09, 2023

Before: Webber, J.P., Oing, González, Scarpulla, Rodriguez, JJ. 

Index No. 814326/21E Appeal No. 17291 Case No. 2022-02670 

[*1]New York Marine & General Insurance Company, Plaintiff-Respondent,
v
Wesco Insurance Company et al., Defendants-Appellants.

Kenney Shelton Liptak Nowak LLP, Buffalo (Matthew C. Ronan of counsel), for appellants.
Stewart Smith, New York (William F. Stewart of counsel), for respondent.

Order, Supreme Court, Bronx County (Fidel E. Gomez, J), entered on or about February 16, 2022, which denied defendants' motion to change venue to New York County in accordance with CPLR 510(1) and (3) or, in the alternative, to dismiss the complaint as against defendant AmTrust North America, Inc. in accordance with CPLR 3211(a)(1) and (a)(7), unanimously modified to dismiss the complaint as against defendant AmTrust North America, Inc., and otherwise affirmed, without costs.
In this insurance coverage action, plaintiff alleged in its complaint that venue in Bronx County was proper under CPLR 503(a), as a substantial part of the events or omissions giving rise to the claims occurred in Bronx County. In their motion to change venue, defendants failed to sustain their burden of showing, by competent proof, that plaintiff's choice of venue on this basis was improper (see CPLR 510(1); IME Watchdog, Inc. v Baker, McEvoy, Morrissey & Moskovits, P.C., 145 AD3d 464, 465 [1st Dept 2016]).
Moreover, Supreme Court providently exercised its discretion in denying defendants' motion to change venue under CPLR 510(3). The court noted that defendants' moving papers did not discuss whether they had contacted nonparty witnesses; whether any of those witnesses would be available and willing to testify; or whether any of them would be inconvenienced by a trial in Bronx County, immediately adjacent to New York County (see Gissen v Boy Scouts of America, 26 AD3d 289, 290-291 [1st Dept 2006]; Martinez v Dutchess Landaq, Inc., 301 AD2d 424, 425-426 [1st Dept 2003]). Further, the information given through counsel's affirmations was hearsay. Supreme Court properly declined to consider defendants' attempts, in their reply papers, to rectify the motion's deficiencies (see Gersten v Lemke, 68 AD3d 681, 681 [1st Dept 2009]).
However, the court should have granted the motion to dismiss the action as against defendant AmTrust of North America, Inc.. To state a claim for breach of fiduciary duty, plaintiff must allege that "(1) defendant owed them a fiduciary duty, (2) defendant committed misconduct, and (3) they suffered damages caused by that misconduct" (Besen v Farhadian, 195 AD3d 548, 549-550 [1st Dept 2021], quoting Burry v Madison Park Owner LLC, 84 AD3d 699, 699-700 [1st Dept 2011]). Further, "[a] cause of action sounding in breach of fiduciary duty must be pleaded with particularity" (Board of Mgrs. of Brightwater Towers Condominium v FirstService Residential N.Y., Inc., 193 AD3d 672, 673 [2d Dept 2021]; see also Litvinoff v Wright, 150 AD3d 714, 715 [2d Dept 2017]).
Here, even giving the complaint a liberal construction, plaintiff has failed to plead sufficient facts to support its claim that AmTrust owed it a fiduciary duty. AmTrust was not a party to the policies at issue in the underlying lawsuits, and indeed had no contractual relationship with plaintiff, the excess insurer. While plaintiff alleges that AmTrust was the authorized claims administrator for codefendant [*2]primary insurers Wesco Company and Technology Insurance Company at all relevant times, and "exercised direct and exclusive control over the claims and defense handling, the policies underwritten by [defendant insurers], and the coverages provided to the insureds," plaintiff alleges no facts giving rise to an inference of a special or confidential relationship between it and AmTrust(see Riggs v Brooklyn Hosp. Ctr., 207 AD3d 405, 407 [1st Dept 2022]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 9, 2023