**Barone v Walt Whitman Mall, LLC**

2025 NY Slip Op 30590(U)

February 21, 2025

Supreme Court, New York County

Docket Number: Index No. 157245/2022

Judge: Mary V. Rosado

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:    <u>HON. MARY V. ROSADO</u>        PART           **33M**

*Justice*

------------------------------------------------------------------X

FORTUNATA BARONE,

                           Plaintiff,

               - v -

WALT WHITMAN MALL, LLC, SIMON PROPERTY GROUP,
INC., SAKS & COMPANY LLC

                        Defendant.

------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 157245/2022 |
| MOTION DATE | 10/18/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 19, 20, 21, 22, 23, 24, 25, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 38, 40, 41, 42, 43

were read on this motion to/for          CHANGE VENUE          .

Upon the foregoing documents, and a final submission date of January 21, 2025, Defendants Walt Whitman Mall, LLC ("Whitman Mall") and Simon Property Group, Inc.'s (collectively "Movants") motion for an Order directing the transfer of venue from New York County to Suffolk County is granted.

## I.    Background

On January 16, 2022, Plaintiff allegedly fell at a mall operated by Movants located at 230 Walt Whitman Road, Huntington Station, New York (*see generally* NYSCEF Doc. 13). On August 24, 2022, Plaintiff filed her Complaint and an Amended Summons and Complaint on September 18, 2024 (NYSCEF Docs. 30, 31). Movants filed a Demand for Change of Venue to Suffolk County on October 11, 2024, and their Answer to Plaintiff's Amended Complaint on October 18, 2024 (NYSCEF Doc. 23, 26).

Movants seek to change venue to Suffolk County. Movants argue Plaintiff, her medical providers, the location of the accident, named witnesses, and other potential parties, all reside or

[* 1]

are located in Suffolk County. Plaintiff opposes on grounds of untimeliness and waiver (*see* NYSCEF Doc. 34).

## II.   Discussion

On a motion to change venue, pursuant to CPLR 510(1), "defendant's burden…is limited to establishing that the designated county is improper" (*IME Watchdog, Inc. v Baker, McEvoy, Morrissey & Moskovits, P.C.*, 145 AD3d 464, 465 [1st Dept 2016]). "Except where otherwise prescribed by law, the place of trial shall be in the county in which one of the parties resided when [the action] was commenced; the county in which a substantial part of the events or omissions giving rise to the claim occurred; or if none of the parties resided in the state, in any county designated by the plaintiff" (CPLR 503[a]). A corporation is a resident of the county in which its principal office is located (CPLR 503[c]).

A defendant moving to change venue on the grounds of improper venue must follow the demand procedures set forth in CPLR 511 (*Roman v Brereton*, 182 Ad2d 556, 557 [1st Dept 1992]; CPLR 510[1]). CPLR 511 provides that a defendant shall serve a written demand to change venue with their Answer to a Complaint, or prior to it (CPLR 511[a]-[b]). The defendant may thereafter move to change venue within 15 days after service of the demand (CPLR 511[b]). A motion to change venue on any other ground shall be made within a reasonable time after commencement of the action (CPLR 511[a]).

Here, Movants' motion to change venue is timely. Movants properly served their demand to change venue prior to their Amended Answer and subsequently filed the instant motion within 15 days after service of the demand (*Bronx Car Park Sys., Inc. v Fordham Hill Owners' Corp.*, 220 AD3d 440, 440 [1st Dept 2023]). There is no showing that Movants intended to delay

157245/2022   BARONE, FORTUNATA vs. WALT WHITMAN MALL, LLC ET AL
Motion No. 001

Page 2 of 4

prosecution of this action in serving their Amended Answer (*see Id.*; *Corea v Browne*, 45 AD3d 623, 624 [2d Dept 2007]).

Furthermore, Plaintiff's selection of New York County as venue for this action is improper. Whitman Mall is a Delaware limited liability company with a principal office in Indianapolis, Indiana (NYSCEF Doc. 42). Its certificate of formation does not establish a principal place of business in New York, except that it permits Whitman Mall to "acquire own, hold, lease, operate, manage, maintain, develop, finance and improve that certain real estate and improvements known as Walt Whitman Mall located in Huntington Station, Suffolk County, New York" (*Id.*). Plaintiff's basis to designate New York County as the venue for this action is Whitman Mall's selection of New York County for service of process with the Secretary of State (NYSCEF Doc. 34). However, this does not establish residence for purposes of evaluating proper venue. Here, no party was a resident of New York County at the time of the incident, all relevant parties and potential witnesses are residents of Suffolk County, and the incident occurred in Suffolk County. Therefore, the Court finds that New York County is an improper venue for this action.

Accordingly, it is hereby,

ORDERED that the motion for a change of venue is granted and venue of this action is changed from this Court to the Supreme Court, County of Suffolk, and it is further

ORDERED that the Clerk of this Court shall transfer the file in this action to the Clerk of the Supreme Court, County of Suffolk and shall mark his/her records to reflect such transfer; and it is further

ORDERED that, within 30 days from entry of this order, counsel for movants shall serve a copy of this order with notice of entry upon the Clerk of this Court, shall pay the appropriate

157245/2022  BARONE, FORTUNATA vs. WALT WHITMAN MALL, LLC ET AL
Motion No. 001

Page 3 of 4

3 of 4

transfer fee, if any, and shall contact the staff of the Clerk of this Court and cooperate in effectuating the transfer; and it is further

ORDERED that the Clerk of the Court shall coordinate the transfer of the file in this action with the Clerk of the Supreme Court, Suffolk County, so as to ensure an efficient transfer and minimize insofar as practical the reproduction of documents, including with regard to any documents that may be in digital format; and it is further

ORDERED that such service upon the Clerk of this Court shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website); and it is further

ORDERED that within 10 days of entry, counsel for Movants shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

| 2/21/2025 | | _M V Rosado JSC_ |
|-----------|--|------------------|
| DATE | | HON. MARY V. ROSADO, J.S.C. |

| CHECK ONE: | x | CASE DISPOSED | | | | NON-FINAL DISPOSITION | | |
|------------|---|---------------|--|--|--|-----------------------|--|--|
| | x | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

157245/2022  BARONE, FORTUNATA vs. WALT WHITMAN MALL, LLC ET AL
Motion No. 001

Page 4 of 4

4 of 4