Blank v Acker (2025 NY Slip Op 05059)

Blank v Acker

2025 NY Slip Op 05059

Decided on September 24, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 24, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
HELEN VOUTSINAS
CARL J. LANDICINO, JJ.

2023-12460
 (Index No. 602796/23)

[*1]Adam Blank, respondent, 
v
David Acker, et al., appellants.

Dechert LLP, New York, NY (Neil A. Steiner, Patrick N. Andriola, and Tamer Mallat of counsel), for appellants.
Tannenbaum Helpern Syracuse & Hirschtritt LLP, New York, NY (Yolanda Kanes, Maryann C. Stallone, and Amanda M. Leone of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, for specific performance of an oral agreement and to recover damages for defamation, the defendants appeal from an order of the Supreme Court, Nassau County (Sharon M.J. Gianelli, J.), dated December 14, 2023. The order denied the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint is granted.
In this action, the plaintiff sought, among other things, specific performance of an oral agreement to transfer real property to him and to recover damages for allegedly defamatory statements. The plaintiff alleged that for many years, he served as an executive, attorney, and trustee to the Acker family, of which the defendant David Acker (hereinafter David) and the defendant Spencer Acker (hereinafter Spencer) were members. The plaintiff alleged that in 2013, Harold Acker (hereinafter Harold), David's father, promised to build a house for the plaintiff and the plaintiff's family (hereinafter the house) and to bequeath the house to the plaintiff upon Harold's death. The plaintiff further alleged that before he and his family moved into the house in 2015, the plaintiff signed a lease, which provided that the plaintiff had a right to occupy the house and that such right was automatically renewable upon certain specified terms.
The plaintiff further alleged that "[i]n or about 2016," after a rift developed in the Acker family, "David reaffirmed Harold's commitment to give Plaintiff the [house] and agreed to personally undertake the obligation to deliver it to Plaintiff upon his own death" and that David did so "in recognition of all that Plaintiff had done" for the Acker family. The plaintiff alleged that David's agreement to transfer the house was memorialized in two emails sent by David in 2016 and was further evidenced by a provision in David's last will and testament. In 2019, allegedly at David's request, the plaintiff entered into a new lease governing the plaintiff's use and occupancy of the house. The plaintiff alleged that while he and his family were living in the house, he invested millions of dollars to renovate, upgrade, and maintain the house.
The plaintiff alleged that in or about the summer of 2022, David and Spencer began [*2]making derogatory and false statements about the plaintiff concerning his management of a family trust. The plaintiff alleged that these statements by David and Spencer damaged his reputation in the financial services industry. The plaintiff further alleged that in or about August 2022, David informed the plaintiff that he had changed his mind and would no longer bequeath the house to the plaintiff, and on December 15, 2022, the plaintiff received a written notice of termination of his lease, requiring the plaintiff and his family to vacate the house by July 31, 2023.
The complaint asserted seven causes of action, denominated as (1) specific performance, (2) promissory estoppel, (3) constructive trust, (4) declaration of equitable ownership, (5) breach of oral agreement, (6) unjust enrichment, and (7) defamation per se. The defendants moved pursuant to CPLR 3211(a) to dismiss the complaint. The Supreme Court denied the defendants' motion, and the defendants appeal.
A party may move to dismiss one or more causes of action on the basis that they "may not be maintained because of . . . statute of frauds" (CPLR 3211[a][5]). "The statute of frauds prohibits the conveyance of real property without a written contract" (Gendler v Guendler, 174 AD3d 507, 509 [internal quotation marks omitted]; see General Obligations Law § 5-703[3]). Moreover, pursuant to EPTL 13-2.1(a)(2), an agreement to make a testamentary disposition must itself "be in writing and signed by the party to be charged" (Pare v Aalbue, 222 AD3d 769, 772; see EPTL 13-2.1[a][2]; Glinskaya v Zelman, 128 AD3d 771, 772).
However, "there is no requirement that the terms of the agreement be embodied in a single writing" (Matter of Urdang, 304 AD2d 586, 587). Moreover, "[a]n agreement which violates the statute of frauds may nonetheless be enforceable where there has been part performance unequivocally referable to the contract by the party seeking to enforce the agreement" (Barretti v Detore, 95 AD3d 803, 806 [internal quotation marks omitted]). "Unequivocally referable conduct is conduct which is inconsistent with any other explanation" (id. [internal quotation marks omitted]).
Here, the causes of action sounding in breach of contract are barred by the statute of frauds, as the plaintiff is seeking to enforce an oral contract for the conveyance of real property (see General Obligations Law § 5-703). The various writings to which the plaintiff points are insufficient to make out a written agreement sufficient to satisfy the statute of frauds (see Ehrenreich v Israel, 188 AD3d 818, 819-820; Kelly v P & G Ventures 1, LLC, 148 AD3d 1002, 1003-1004). The emails submitted by the plaintiff did not state all of the essential terms of the alleged agreement (see Hopwood v Infinity Contr. Servs. Corp., 230 AD3d 570, 571; Ehrenreich v Israel, 188 AD3d at 819-820). The two versions of David's last will and testament are not enforceable contracts, as they are revocable by the testator at any time (see Matter of Hennel, 29 NY3d 487, 493; Matter of American Comm. for Weizmann Inst. of Science v Dunn, 10 NY3d 82, 92). Furthermore, the plaintiff's alleged part performance was not "unequivocally referable" to the purported oral agreement that he seeks to enforce (Matter of Zelouf, 183 AD3d 900, 902 [internal quotation marks omitted]; see Roman Catholic Church of the Epiphany v City of New York, 183 AD3d 775).
Accordingly, the Supreme Court should have granted those branches of the defendants' motion which were to dismiss the first, fourth, and fifth causes of action, sounding in breach of contract, as barred by the statute of frauds.
"[W]here the elements of promissory estoppel are established, and the injury to the party who acted in reliance on the oral promise is so great that enforcement of the statute of frauds would be unconscionable, the promisor should be estopped from reliance on the statute of frauds" (Matter of Hennel, 29 NY3d at 494). "An 'unconscionable injury' is 'injury beyond that which flows naturally . . . from the non-performance of the unenforceable agreement'" (Bent v St. John's Univ., N.Y., 189 AD3d 973, 976, quoting Merex A.G. v Fairchild Weston Sys., Inc., 29 F3d 821, 826 [2d Cir]). "The elements of a cause of action based upon promissory estoppel are a clear and unambiguous promise, reasonable and foreseeable reliance by the party to whom the promise is made, and an injury sustained in reliance on that promise" (id. at 975 [internal quotation marks omitted]).
Here, the complaint failed to sufficiently allege that the plaintiff would suffer an unconscionable injury if David's promise to the plaintiff was not enforced. Therefore, "the plaintiff failed to state a cause of action for promissory estoppel to preclude application of the statute of frauds to the purported oral agreement between the parties" (Del Vecchio v Gangi, 225 AD3d 666, 671).
Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was to dismiss the second cause of action, to enforce the oral promise to the plaintiff under a theory of promissory estoppel.
"Generally, a constructive trust may be imposed when property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain beneficial interest" (Fakiris v Fakiris, 192 AD3d 993, 993 [internal quotation marks omitted]; see Sharp v Kosmalski, 40 NY2d 119, 121). "To obtain the remedy of a constructive trust, a party is generally required to establish four factors, or elements, by clear and convincing evidence: (1) a confidential or fiduciary relationship, (2) a promise, (3) a transfer in reliance thereon, and (4) unjust enrichment flowing from the breach of the promise" (Daniels v Ruggiero, 230 AD3d 563, 565 [internal quotation marks omitted]). "A fiduciary relationship may exist when one party reposes confidence in another and reasonably relies on the other's superior expertise or knowledge, but not in an arm's-length business transaction involving sophisticated business people" (Saul v Cahan, 153 AD3d 947, 949 [internal quotation marks omitted]; see Feldman v Byrne, 210 AD3d 646, 650; Guarino v North Country Mtge. Banking Corp., 79 AD3d 805, 807).
Here, the plaintiff alleged that he served as an executive at the family's company, acted as attorney to the family, and acted as trustee for the family's trust. The plaintiff did not allege facts demonstrating a relationship with David wherein the plaintiff "reasonably relie[d] on [David's] superior expertise or knowledge" outside of an "arm's-length business transaction involving sophisticated business people" (Guarino v North Country Mtge. Banking Corp., 79AD3d at 807 [internal quotation marks omitted]; see Saul v Cahan, 153 AD3d at 949). Thus, the plaintiff failed to plead a cause of action to impose a constructive trust (see Guarino v North Country Mtge. Banking Corp., 79 AD3d at 807).
Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was to dismiss the third cause of action, for the imposition of a constructive trust.
To state a cause of action to recover damages for unjust enrichment, a plaintiff must allege that "(1) the other party was enriched, (2) at that party's expense, and (3) that it is against equity and good conscience to permit [the other party] to retain what is sought to be recovered" (Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 182 [internal quotation marks omitted]; see City of Long Beach v Agostisi, 221 AD3d 776, 779). "The existence of a valid and enforceable written contract governing a particular subject matter ordinarily precludes recovery in quasi contract for events arising out of the same subject matter" (Barker v Time Warner Cable, Inc., 83 AD3d 750, 752 [internal quotation marks omitted]; see Federico v Brancato, 144 AD3d 965, 967; see also Catlyn & Derzee, Inc. v Amedore Land Devs., LLC, 166 AD3d 1137, 1140).
Here, the leases signed by the plaintiff, which were submitted with the parties' motion papers, address the plaintiff's rights with respect to any improvements he made to the house and are explicit in providing that any such improvements revert to the landlord at the termination of the lease. As such, the plaintiff cannot recover under a theory of unjust enrichment for the value of such improvements (see Federico v Brancato, 144 AD3d at 967; Barker v Time Warner Cable, Inc., 83 AD3d at 752; see also Catlyn & Derzee, Inc. v Amedore Land Developers, LLC, 166 AD3d at 1140).
Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was to dismiss the sixth cause of action, alleging unjust enrichment.
"'Since falsity is a necessary element of a defamation cause of action and only facts are capable of being proven false, it follows that only statements alleging facts can properly be the [*3]subject of a defamation action'" (VIP Pet Grooming Studio, Inc. v Sproule, 224 AD3d 78, 91, quoting Silverman v Daily News, L.P., 129 AD3d 1054, 1055; see Gross v New York Times Co., 82 NY2d 146, 152-153). "Thus, '[a]n expression of pure opinion is not actionable . . . , no matter how vituperative or unreasonable it may be'" (Kasavana v Vela, 172 AD3d 1042, 1045, quoting Steinhilber v Alphonse, 68 NY2d 283, 289; see Levy v Nissani, 179 AD3d 656, 658). "Whether a particular statement constitutes an opinion or an objective fact is a question of law" (Mann v Abel, 10 NY3d 271, 276; see Nofal v Yousef, 228 AD3d 772, 774). "'In distinguishing between facts and opinion, the factors the court must consider are (1) whether the specific language has a precise meaning that is readily understood, (2) whether the statements are capable of being proven true or false, and (3) whether the context in which the statement appears signals to readers that the statement is likely to be opinion, not fact'" (Crime Victims Ctr., Inc. v Logue, 181 AD3d 556, 557, quoting Silverman v Daily News, L.P., 129 AD3d at 1055; see Levy v Nissani, 179 AD3d at 658-659).
Here, the allegedly defamatory statements made by David and Spencer lack a precise meaning that are capable of being proven true or false and amount to subjective evaluations of the plaintiff's performance (see Nofal v Yousef, 228 AD3d at 774; Galanova v Safir, 138 AD3d 686, 687). Accordingly, the statements constitute nonactionable expressions of opinion and cannot serve as a basis for the imposition of liability (see Nofal v Yousef, 228 AD3d at 774; Galanova v Safir, 138 AD3d at 687).
Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was to dismiss the seventh cause of action, which sought to recover damages for defamation.
In light of the foregoing determinations, the defendants' remaining contentions need not be reached.
CONNOLLY, J.P., CHAMBERS, VOUTSINAS and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court