Lengyel-Fushimi v Bellis (2025 NY Slip Op 05230)

Lengyel-Fushimi v Bellis

2025 NY Slip Op 05230

Decided on October 1, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 1, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2022-02675
 (Index No. 512764/21)

[*1]Peter Lengyel-Fushimi, plaintiff, Gregor Rothfuss, et al., intervenors-plaintiffs-appellants,
v
Anthony Bellis, et al., respondents.

Harris St. Laurent & Wechsler LLP, New York, NY (Alisha L. McCarthy of counsel), for intervenors-plaintiffs-appellants.

DECISION & ORDER
In an action, inter alia, for declaratory and injunctive relief, the intervenors-plaintiffs appeal from an order of the Supreme Court, Kings County (Leon Ruchelsman, J.), dated March 10, 2022. The order, insofar as appealed from, granted those branches of the defendants' motion which were pursuant to CPLR 3211(a)(7) to dismiss the first and sixth causes of action asserted in the intervenor complaint.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The intervenors-plaintiffs are investors in the defendant Kings County Brewers Collective, LLC (hereinafter KCBC). As set forth more fully in this Court's decision and order in related appeals, the plaintiff and the defendants Anthony Bellis and Zachary Kinney (hereinafter together the individual defendants) entered into an operating agreement for KCBC in 2014 (hereinafter the operating agreement), which provided, inter alia, that the plaintiff and the individual defendants would be founding and managing members of KCBC (see Lengyel-Fushimi v Bellis, _____ AD3d _____, _____ [Appellate Division Docket Nos. 2021-06521, 2021-08841; decided herewith]). In 2021, the plaintiff commenced this action, among other things, for declaratory and injunctive relief against the defendants (see id.).
In 2022, upon being granted leave to intervene, the intervenors-plaintiffs filed an intervenor complaint against the defendants, asserting derivative and direct causes of action alleging, inter alia, breach of fiduciary duty and breach of contract. The defendants moved, among other things, pursuant to CPLR 3211(a)(7) to dismiss the first and sixth causes of action, both alleging breach of fiduciary duty, asserted in the intervenor complaint as duplicative of the breach of contract causes of action. By order dated March 10, 2022, the Supreme Court, inter alia, granted those branches of the defendants' motion. The intervenors-plaintiffs appeal. We affirm.
A cause of action alleging breach of fiduciary duty that is based on the same facts and seeks identical damages is duplicative of a breach of contract cause of action and should be dismissed on that basis (see Board of Mgrs. of Brightwater Towers Condominium v FirstService Residential N.Y, Inc., 193 AD3d 672; Federico v Brancato, 144 AD3d 965, 967). Here, the Supreme Court properly determined that the first and sixth causes of action asserted in the intervenor [*2]complaint were duplicative of the breach of contract causes of action asserted in the intervenor complaint (see Tzu Yen Cheung v Dolar Shop Rest. Group, LLC, 229 AD3d 738, 741; Pacella v Town of Newburgh Volunteer Ambulance Corps. Inc., 164 AD3d 809, 814; Federico v Brancato, 144 AD3d at 967). Accordingly, the Supreme Court properly granted those branches of the defendants' motion which were pursuant to CPLR 3211(a)(7) to dismiss the first and sixth causes of action asserted in the intervenor complaint.
CONNOLLY, J.P., MILLER, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court