Mable Assets, LLC v Rachmanov (2021 NY Slip Op 01759)





Mable Assets, LLC v Rachmanov


2021 NY Slip Op 01759


Decided on March 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2018-04592
 (Index No. 707605/17)

[*1]Mable Assets, LLC, respondent,
v
Beni Rachmanov, appellant.


The Law Firm of Edward Vitale, P.C., Forest Hills, NY, for appellant.
Leo Shalit, Manhasset, NY, for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for slander and prima facie tort, the defendant appeals from an order of the Supreme Court, Queens County (Rudolph E. Greco, Jr., J.), entered December 28, 2017. The order, insofar as appealed from, denied that branch of the defendant's motion which was pursuant to CPLR 3211(a)(7) and (g) to dismiss the amended complaint.
ORDERED that the order is modified, on the law, by deleting the provisions thereof denying those branches of the defendant's motion which were pursuant to CPLR 3211(a)(7) and (g) to dismiss the cause of action to recover damages for prima facie tort and so much of the cause of action to recover damages for slander as was predicated on complaints allegedly made by the defendant to the City of New York, and substituting therefor provisions granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff acquired certain real property in Queens and began the construction of a day care center thereon. The plaintiff alleges that the defendant operated a day care center out of a synagogue on adjacent property and immediately began to harass the plaintiff in a variety of ways in order to thwart the plaintiff's construction of a day care center on its property. The plaintiff commenced this action to recover damages for alleged tortious interference with contract, tortious interference with business relations, slander, and prima facie tort. The cause of action for slander included allegations that the defendant made a number of telephone complaints to the City of New York and allegations of slander per se in that the defendant allegedly told a third party providing certain services to the plaintiff's construction site that the members of the plaintiff were "thieves," performing illegal construction, and that they had submitted fraudulent construction plans for the work being done.
The defendant made a pre-answer motion, inter alia, pursuant to CPLR 3211(a)(7) and (g) to dismiss the amended complaint, arguing that the action was a strategic lawsuit against public participation (hereinafter SLAPP) (see Civil Rights Law § 76-a). In an order entered December 28, 2017, the Supreme Court denied the motion, finding that the SLAPP statutes do not apply. The defendant appeals.
In 1992, legislation was enacted to address "a rising concern about the use of civil litigation, primarily defamation suits, to intimidate or silence those who speak out at public meetings against proposed land use development and other activities requiring approval of public boards. Termed SLAPP suits—strategic lawsuits against public participation—such actions are characterized as having little legal merit but are filed nonetheless to burden opponents with legal defense costs and the threat of liability and to discourage those who might wish to speak out in the future" (600 W. 115th St. Corp. v Von Gutfeld, 80 NY2d 130, 137 n 1; see L 1992, ch 767; Civil Rights Law §§ 70-a, 76-a). The legislation was specifically aimed at broadening the protection of citizens facing litigation arising from their public petition and participation (see L 1992, ch 767, § 1; 600 W. 115th St. Corp. v Von Gutfeld, 80 NY2d at 137 n 1).
During the pendency of this appeal, the Legislature amended the relevant statutes to broaden the scope of the law and afford greater protections to citizens facing litigation arising from their public petition and participation (see L 2020, ch 250). The parties do not address the new legislation, which became effective November 10, 2020, and do not contend that it is applicable to the motion which is the subject of this appeal. Further, we find that the instant action is "an action involving public petition and participation" under the former, more restrictive, definition (see former Civil Rights Law § 76-a). Consequently, we evaluate the parties' arguments under the law as it existed prior to the recent amendments and do not consider whether the amendments were intended to be retroactive in application.
Under the former statute, an "action involving public petition and participation" was defined in relevant part as an action "for damages that is brought by a public applicant or permittee, and is materially related to any efforts of the defendant to report on, comment on, rule on, challenge or oppose such application" (former Civil Rights Law § 76-a[1][a]). Here, the defendant established that the plaintiff was a public applicant or permittee with regard to the development of the subject property (see former Civil Rights Law § 76—a[1][b]), and that the action was materially related to the defendant's efforts to report on, comment on, challenge or oppose the plaintiff's applications. The amended complaint specifically alleges, among other things, that the defendant engaged in "months of frivolous, fake and fraudulent complaints" and objections about the defendant and the construction project to various governmental agencies, including the New York City Department of Buildings (hereinafter DOB), the local Community Board, and the "City of New York - Zoning Board [sic]." Thus, the defendant established that this is an action involving public petition and participation.
On the defendant's motion pursuant to CPLR 3211(a)(7) and (g), once the defendant established that this action is an action involving public petition and participation, the plaintiff was obligated to demonstrate that the causes of action alleged have a "substantial basis in law" (CPLR 3211[g]). Further, since the defendant established that this action is an action involving public petition and participation, "damages may only be recovered if the plaintiff, in addition to all other necessary elements, shall have established by clear and convincing evidence that any communication which gives rise to the action was made with knowledge of its falsity or with reckless disregard of whether it was false, where the truth or falsity of such communication is material to the cause of action at issue" (Civil Rights Law § 76-a[2]).
Accepting the facts as alleged in the amended complaint as true and according the plaintiff the benefit of every favorable inference (see Leon v Martinez, 84 NY2d 83, 87-88), the amended complaint sufficiently alleged causes of action for tortious interference with contract (see generally Influx Capital, LLC v Pershin, 186 AD3d 1622, 1624), tortious interference with a business relationship (see generally 684 E. 222nd Realty Co., LLC v Sheehan, 185 AD3d 879, 879-880), and slander per se with regard to the statements to a third party accusing the plaintiff of fraud, dishonesty, and misconduct in its business (see generally Liberman v Gelstein, 80 NY2d 429, 435; Gatz v Otis Ford, 262 AD2d 280, 281). Further, each of those causes of action sufficiently alleged malice and that the defendant was aware that some of the complaints and statements he made were false or made with a reckless disregard to whether the statements were true or false (see Singh v Sukhram, 56 AD3d 187, 195). Thus, the plaintiff established, for the purposes of the subject motion, that these causes of action had a substantial basis in law.
However, in a cause of action to recover damages for slander, where the defamation alleged does not fall into one of the per se categories, a plaintiff suing in slander must plead special damages (see Liberman v Gelstein, 80 NY2d at 434-435). Similarly, a plaintiff seeking to recover damages for prima facie tort must allege special damages (see Diorio v Ossining Union Free School Dist., 96 AD3d 710, 712). Here, as to both causes of action, the plaintiff's nonspecific conclusory allegations failed to allege special damages with specific particularity (see Cambridge Assoc. v Inland Vale Farm Co., 116 AD2d 684, 686; Aronson v Wiersma, 65 NY2d 592, 595). Accordingly, the Supreme Court should have granted those branches of the defendant's motion which were to dismiss the cause of action to recover damages for prima facie tort and so much of the cause of action to recover damages for slander as was predicated on complaints allegedly made by the defendant to the City of New York.
RIVERA, J.P., MILLER, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court