Aristocrat Plastic Surgery, P.C. v Silva (2022 NY Slip Op 03311)





Aristocrat Plastic Surgery, P.C. v Silva


2022 NY Slip Op 03311


Decided on May 19, 2022


Appellate Division, First Department


RODRIGUEZ, J. 



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 19, 2022
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Cynthia S. Kern
Peter H. Moulton Julio Rodriguez III Bahaati E. Pitt John R. Higgitt


Index No. 153200/21 Appeal No. 15597 Case No. 2021-03637 

[*1]Aristocrat Plastic Surgery, P.C., Doing Business as Aristocrat Plastic Surgery & Medaesthetics et al., Plaintiffs-Respondents,
v
Paige Silva, Defendant-Appellant.



Defendant appeals from that portion of the order of the Supreme Court, New York County (Lynn R. Kotler, J.), entered on or about August 19, 2021, which denied the portion of defendant's motion seeking attorneys' fees and punitive damages under Civil Rights Law §§ 70-a and 76-a.




Jones Law Firm, P.C., New York (T. Bryce Jones of counsel), for appellant.
Bronster LLP, New York (J. Logan Rappaport of counsel), for respondent.



RODRIGUEZ, J. 


The primary issue on this appeal is the scope of "public interest" as defined in the 2020 amendments to New York State's anti-strategic lawsuit against public participation (anti-SLAPP) statute. We hold that defendant's reviews on internet recommendation platforms of plaintiff physician's treatment were communications made "in connection with an issue of public interest," as defined in Civil Rights Law
§ 76-a. Accordingly, defendant is entitled to seek attorneys' fees and damages under Civil Rights Law §§ 70-a and 76-a.
Defendant underwent a plastic surgery procedure performed by plaintiff Dr. Kevin Tehrani, who practiced through his professional corporation, plaintiff Aristocrat Plastic Surgery P.C. Defendant later posted a negative review of Aristocrat Plastic Surgery and Dr. Tehrani on RealSelf.com, a website that provides a forum for patient reviews of surgery and cosmetic procedures. Defendant again posted the negative review on Yelp.com, another internet forum that features customer reviews of various businesses.
Plaintiffs commenced this action against defendant, asserting claims for defamation, tortious interference with prospective contractual relations, intentional infliction of emotional distress, and prima facie tort. Defendant moved to dismiss the complaint under CPLR 3211(a)(7) and Civil Rights Law § 76-a, and for attorneys' fees and punitive damages under Civil Rights Law § 70-a(1)(a) and (c). Defendant argued that her online reviews were protected by the sections of the Civil Rights Law that are referred to collectively as New York's anti-SLAPP law (see Civil Rights Law §§ 70-a,
76-a). Plaintiffs responded that the anti-SLAPP law did not apply to this action because it was not an action "in connection with an issue of public interest" but instead was a purely private matter (see Civil Rights Law § 76-a[1]). Plaintiffs further argued that defendant's reviews contained false and defamatory statements, which were not protected by the anti-SLAPP law. Supreme Court granted defendant's motion to the extent of dismissing plaintiffs' complaint, but with regard to the portion of the motion seeking attorneys' fees and damages, the court denied defendant such relief, stating that it did not view this as a SLAPP suit.
"SLAPP suits—strategic lawsuits against public participation—[] are characterized as having little legal merit but are filed nonetheless to burden opponents with legal defense costs and the threat of liability and to discourage those who might wish to speak out in the future" (600 W. 115th [*2]St. Corp. v Von Gutfeld, 80 NY2d 130, 137 n 1 [1992], cert denied 508 US 910 [1993]). In 1992, as a response to "rising concern about the use of civil litigation, primarily defamation suits, to intimidate or silence those who speak out at public meetings against proposed land use development and other activities requiring approval of public boards," New York enacted legislation "aimed at broadening the protection of citizens facing litigation arising from their public petition and participation" (id., citing L 1992, ch 767). The New York anti-SLAPP statute initially limited its application to instances where speech was aimed toward "a public applicant or permittee," i.e. an individual who applied for a permit, zoning change, lease, license, or other similar document from a government body (L 1992, ch 767, § 3). As applied, the statute was "strictly limited to cases initiated by persons or business entities [] embroiled in controversies over a public application or permit, usually in a real estate development situation" (Sponsor's Mem, Bill Jacket, L 2020, ch 250).
In 2020, the legislature amended New York's anti-SLAPP statute to "broaden the scope of the law and afford greater protections to citizens" beyond suits arising from applications to the government (Mable Assets, LLC v Rachmanov, 192 AD3d 998, 1000 [2d Dept 2021], citing L 2020, ch 250). Among other changes, Civil Rights Law § 76-a was amended to expand the definition of an "action involving public petition and participation" to include claims based upon "any communication in a place open to the public or a public forum in connection with an issue of public interest" (Civil Rights Law § 76-a[1][a][1]). The amended law further provides that "public interest" "shall be construed broadly, and shall mean any subject other than a purely private matter" (Civil Rights Law § 76-a[1][d]). Additionally, Civil Rights Law § 70-a was amended to mandate, rather than merely permit, the recovery of costs and attorneys' fees upon demonstration "that the action involving public petition and participation was commenced or continued without a substantial basis in fact and law and could not be supported by a substantial argument for extension, modification or reversal of existing law" (Civil Rights Law § 70-a[1][a]).
As noted in the Sponsor's Memorandum accompanying the 2020 amendments, the changes were addressed to the "narrow[] interpret[ation] by the courts" of the then-existing section 76-a, which had failed to accomplish the objective of the originally enacted anti-SLAPP law—that is, it had failed to provide "the utmost protection for the free exercise or speech, petition, and association rights, particularly where such rights are exercised in a public forum with respect to issues of public concern" (Sponsor's Mem, Bill Jacket, L 2020, ch 250, quoting L 1992, ch 767). In "broadly widening the ambit of the law," the legislature sought to better effect the original purpose of the statute (id.).
The dispositive [*3]question here is whether defendant's reviews of Dr. Tehrani's medical care and practice were made "in connection with an issue of public interest" or, instead, related to a "purely private matter" (Civil Rights Law § 76-a[1][a][1], [d]). Since, as noted, the provisions of the Civil Rights Law were recently amended, this is a matter of first impression before this Court. Nevertheless, existing New York caselaw—in some instances involving other contexts—serves to define what constitutes a matter of public concern, and helps guide the analysis here.
New York courts have generally applied a broad interpretation to what constitutes a matter of public concern (see Huggins v Moore, 94 NY2d 296, 302-305 [1999]; Albert v Loksen, 239 F3d 256, 269 [2d Cir 2001])."Matters of public concern include matters of political, social, or other concern to the community, even those that do not affect the general population" (Kesner v Buhl, 2022 WL 718840, *10, 2022 US Dist LEXIS 43094, *26 [SD NY, Mar. 10, 2022, No. 20 Civ. 3454 (PAE)] [internal quotation marks and citation omitted]). When determining whether content is within "the sphere of legitimate public concern, allegedly defamatory statements can only be viewed in the context of the writing as a whole" and "[c]ourts must examine [the] content, form, and context" of the statements (Huggins, 94 NY2d at 302 [internal quotation marks omitted]). Statements falling "into the realm of mere gossip and prurient interest" are not matters of public concern nor are "publications directed only to a limited, private audience" (id. at 302-303 [internal quotation marks omitted]). Notably, under a different context, this Department has held that business reviews are of the public interest (see e.g. Twenty-Five E. 40th St. Rest. Corp. v Forbes, Inc., 37 AD2d 546, 546 [1st Dept 1971] ["The review of the restaurant was of interest to the public who might patronize it and was privileged under the First Amendment"], affd 30 NY2d 595 [1972]). Further, in one non-SLAPP case arising from an online review of a physician, a federal district court found that New York's broad interpretation of public concern applied such that the plaintiffs' defamation claim failed (Mirza v Amar, 513
F Supp 3d 292, 300 [ED NY 2021] [finding that "[d]efendant's [Yelp] reviews of plaintiffs' public business," a medical practice that offered injections of Botox and other cosmetic procedures, "qualify as commenting on a matter of legitimate public concern"]).
Other New York cases that have analyzed the issue of what constitutes "public interest" under the recently amended statute further demonstrate the expansive interpretation of this standard (see Great Wall Med. P.C. v Levine, 74 Misc 3d 1224[A], 2022 NY Slip Op 50219[U], *1 [Sup Ct, NY County 2022] [finding that allegedly defamatory statements posted on public websites, such as Yelp, ZocDoc, and Facebook, which concerned defendant's experience with plaintiffs' medical practice and were "clearly intended [*4]as a warning to other women," fell under amended anti-SLAPP law "because they were posted in a public forum and were made in connection with an issue of public interest, namely the integrity of plaintiffs' medical practice"]; Carey v Carey, 74 Misc 3d 1214[A], 2022 NY Slip Op 50124[U], *5 [Sup Ct, NY County 2022] [holding that statements, which concerned topics of "domestic violence," "child abuse," and "race relations," were of legitimate public concern under § 76-a(1)(a)(2)]; Lindberg v Dow Jones & Company, Inc., 2021 WL 3605621, *8, 2021 US Dist LEXIS 151397, *18 [SD NY, Aug. 11, 2021, No. 20-CV-8231 (LAK)] [finding that report, which implicated insurers' ability to pay claimants, was a matter of public interest under § 76-a]; Center for Med. Progress v Planned Parenthood Fedn. of Am., 551 F Supp 3d 320, 332 [SD NY 2021] [finding that statements "made in connection with civil and criminal actions against" plaintiffs published on Twitter and Rewire News were issues of public interest under amended anti-SLAPP law]; Coleman v Grand, 523 F Supp 3d 244, 259 [ED NY 2021] [recognizing that New York courts broadly interpret what constitutes matters of public concern in finding that statements about a relationship between the litigants were "indisputably an issue of public interest" under the amended anti-SLAPP law because the content touched on topics of "sexual impropriety and power dynamics in the music industry" during the advent of the #MeToo movement]).
Additionally, California courts applying the California anti-SLAPP statute, which is similar to the applicable New York Civil Rights Law provisions,[FN1] to facts similar to those here have found that client or patient reviews on public websites concern public interests (see Abir Cohen Treyzon Salo, LLP v Lahiji, 40 Cal App 5th 882, 887-888, 254 Cal Rptr 3d 1, 4 [2019] [holding that negative reviews of law firm posted on websites warning others to "stay away from this firm" constituted protected activity in connection with an issue of public interest]; Wong v Jing, 189 Cal App 4th 1354, 1367, 117 Cal Rptr 3d 747, 759 [2010] [holding that negative Yelp review of experience with dentist involved a public issue where post discussed use of silver amalgam containing mercury in treating children]; Gilbert v Sykes, 147 Cal App 4th 13, 23-24, 53 Cal Rptr 3d 752, 761 [2007] [finding patient's website concerned a matter of public interest which, rather than solely attacking plaintiff doctor, contributed toward public discussion and debate about the benefits and risks of plastic and cosmetic surgery]).
In the present case, defendant posted her reviews on two public internet forums, one of which has a stated purpose of being a key advisor for people considering plastic surgery, and the purpose of defendant's reviews was to provide information to potential patients, including reasons not to book an appointment with Dr. Tehrani. Defendant's posts concerning the plastic surgery performed upon her by Dr. Tehrani qualify [*5]as an exercise of her constitutional right of free speech and a comment on a matter of legitimate public concern and public interest—namely, medical treatment rendered by a physician's professional corporation and the physician performing surgery under its auspices (see e.g. Coleman, 523 F Supp 3d at 259; Mirza, 513 F Supp 3d at 300). We therefore find that defendant's negative website reviews of plaintiffs' services constitute a matter of "public interest" as set forth in Civil Rights Law § 76-a(1)(d).
Since defendant's posts fall under the ambit of the amended anti-SLAPP law, defendant is entitled to seek damages and attorneys' fees under Civil Rights Law §§ 70-a and 76-a(1)(a)(1).
We have considered the parties' remaining contentions and find them to be either unpreserved or without merit.
Accordingly, the order of the Supreme Court, New York County (Lynn R. Kotler, J.), entered on or about August 19, 2021, which, to the extent appealed from, denied the portion of defendant's motion seeking attorneys' fees and punitive damages under Civil Rights Law §§ 70-a and 76-a, should be modified, on the law, to reinstate defendant's request for attorneys' fees and damages under Civil Rights Law §§ 70-a and 76-a, and
otherwise affirmed, without costs.
Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered on or about August 19, 2021, modified, on the law, to reinstate defendant's request for attorneys' fees and damages under Civil Rights Law §§ 70-a and 76-a, and otherwise affirmed, without costs.
Opinion by Rodriguez, J. All concur.
Kern, J.P., Moulton, Rodriguez, Pitt, Higgitt, JJ.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 19, 2022



Footnotes

Footnote 1: California's anti-SLAPP statute defines an "act in furtherance of a person's right of petition or free speech . . . in connection with a public issue" to include "any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest" (Cal Code Civ. Proc. §425.16[e][3]).