Tcharnyi v Mendez (2023 NY Slip Op 06071)

Tcharnyi v Mendez

2023 NY Slip Op 06071

Decided on November 22, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2022-00355
 (Index No. 55599/21)

[*1]Ilia Tcharnyi, respondent, 
v
Zujeily Mendez, et al., appellants.

Jones Law Firm, P.C., New York, NY (T. Bryce Jones of counsel), for appellants.

DECISION & ORDER
In an action, inter alia, to recover damages for defamation, the defendants appeal from an order of the Supreme Court, Westchester County (Terry Jane Ruderman, J.), dated November 12, 2021. The order denied the defendants' motion pursuant to CPLR 3211(a)(7) to dismiss the complaint.
ORDERED that the order is affirmed, without costs or disbursements.
At relevant times, the plaintiff owned and maintained a multi-unit residential building located in Yonkers. The plaintiff commenced this action against the defendants, inter alia, to recover damages for defamation. Among other things, the complaint alleged that the defendant Zujeily Mendez, one of the tenants in the building, repeatedly made false statements to other tenants about conditions of disrepair in her apartment and posted signs in her apartment window that read, "Stop! If looking to rent!! Speak to tenants about current situation!!!"
The defendants moved pursuant to CPLR 3211(a)(7) to dismiss the complaint for failure to state a cause of action, arguing, inter alia, that the action constituted an illegal strategic lawsuit against public participation (hereinafter SLAPP) in violation of Civil Rights Law §§ 70-a and 76-a. The Supreme Court denied the motion. The defendants appeal, and we affirm.
"In considering a motion to dismiss pursuant to CPLR 3211(a)(7), the court must accept the facts as alleged in the complaint as true, accord the plaintiff the benefit of every favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Daniel v Khadu, 190 AD3d 817, 818; see Leon v Martinez, 84 NY2d 83, 87-88). "'Moreover, the court may consider affidavits submitted by the plaintiff to remedy any defects in the complaint, and upon considering such an affidavit, the facts alleged therein must also be assumed to be true'" (Asamblea De Iglesias Christianas, Inc. v DeVito, 210 AD3d 843, 844, quoting Benjamin v Yeroushalmi, 178 AD3d 650, 653). "Whether [a] complaint will later survive a motion for summary judgment, or whether the plaintiff will ultimately be able to prove its claims, of course, plays no part in the determination of a prediscovery CPLR 3211 motion to dismiss" (Redwood Prop. Holdings, LLC v Christopher, 211 AD3d 758, 759 [internal quotation marks omitted]).
Pursuant to amendments to the relevant statute that became effective in 2020, a SLAPP suit is defined as an action that, among other things, is based on "(1) any communication in a place open to the public or a public forum in connection with an issue of public interest; or (2) any other lawful conduct in furtherance of the exercise of the constitutional right of free speech in [*2]connection with an issue of public interest, or in furtherance of the exercise of the constitutional right of petition" (Civil Rights Law § 76-a[1][a][1]; see id. § 76-a[1][a][2]). The term "public interest" includes "any subject other than a purely private matter" (Civil Rights Law § 76-a[1][d]).
Here, accepting the facts as alleged in the complaint as true and according the plaintiff the benefit of every favorable inference, the defendants failed to establish that this is an impermissible SLAPP suit for purposes of a prediscovery CPLR 3211(a)(7) motion to dismiss (see Civil Rights Law § 76-a[1][d]; cf. Mable Assets, LLC v Rachmanov, 192 AD3d 998).
Further, contrary to the defendants' contention, the complaint, as supplemented by the plaintiff's affidavit in opposition to the defendants' motion (see Nilazra, Inc. v Karakus, Inc., 136 AD3d 994, 996), sufficiently alleged communications that were susceptible of a defamatory meaning. The elements of a cause of action for defamation are: (1) a false statement that tends to expose a person to public contempt, hatred, ridicule, aversion, or disgrace; (2) published without privilege or authorization to a third party; (3) amounting to fault as judged by, at a minimum, a negligence standard; and (4) either causing special harm or constituting defamation per se (see Joo Tae Yoo v Choi, 210 AD3d 1062, 1063; Greenberg v Spitzer, 155 AD3d 27, 41). "In determining whether a complaint states a cause of action to recover damages for defamation, the dispositive inquiry is whether a reasonable listener or reader could have concluded that the statements were conveying facts about the plaintiff" (Gottlieb v Wynne, 159 AD3d 799, 800 [internal quotation marks omitted]; see Gross v New York Times Co., 82 NY2d 146, 152). Here, a reasonable reader viewing the sign in Mendez's window, and a reasonable listener of Mendez's statements about conditions of disrepair in her apartment, could conclude that facts were being conveyed about the condition of the plaintiff's building and the manner in which the plaintiff interacted with tenants (see generally Gottlieb v Wynne, 159 AD3d at 800; see also Guerrero v Carva, 10 AD3d 105, 113-114).
The defendants' remaining contentions are without merit.
DUFFY, J.P., GENOVESI, DOWLING and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court