Burton v Porcelain (2024 NY Slip Op 00291)

Burton v Porcelain

2024 NY Slip Op 00291

Decided on January 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2021-06421
 (Index No. 5606/19)

[*1]Jeanne R. Burton, appellant, 
v
Michael Porcelain, respondent, et al., defendants.

Steven M. Burton, Central Islip, NY, for appellant.
Lupkin PLLC, New York, NY (Michael B. Smith and Jonathan D. Lupkin of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for libel per se, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Andrew A. Crecca, J.), dated July 22, 2021. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was pursuant to CPLR 3211(a) to dismiss the first counterclaim of the defendant Michael Porcelain.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiff's motion which was pursuant to CPLR 3211(a) to dismiss the first counterclaim of the defendant Michael Porcelain is granted.
The plaintiff, an attorney, is part of the Attorneys for the Children Program, a panel of lawyers approved to provide legal representation to children. In 2017, the Family Court, Suffolk County, appointed the plaintiff to represent Philip P. in various proceedings before that court. During the pendency of those proceedings, the defendant Michael Porcelain (hereinafter the defendant) was in a relationship with Philip P.'s mother.
In October 2019, the plaintiff commenced this action, inter alia, to recover damages for libel per se and intentional infliction of emotional distress, alleging, among other things, that the defendant sent several letters and emails to various individuals in the legal profession containing defamatory remarks "intended to disparage Plaintiff's reputation as an attorney . . . and cause her permanent harm." In addition, the plaintiff alleged that the defendant also registered and created a website on which he published false and defamatory information about the plaintiff. The defendant interposed an answer asserting various counterclaims. The first counterclaim alleged that this action was a strategic lawsuit against public participation (hereinafter SLAPP) and sought, among other things, attorney's fees, costs, and damages pursuant to Civil Rights Law § 70-a.
In May 2020, the plaintiff moved, inter alia, pursuant to CPLR 3211(a) to dismiss the defendant's first counterclaim. By order dated July 22, 2021, the Supreme Court, inter alia, denied that branch of the motion. The plaintiff appeals.
"On a motion to dismiss a counterclaim pursuant to CPLR 3211(a)(7), a court must accept as true the facts as alleged in the pleading, accord the pleader the benefit of every possible [*2]favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Wand, Powers & Goody, LLP v Yuliano, 144 AD3d 1017, 1018; see Whitebox Concentrated Convertible Arbitrage Partners, L.P. v Superior Well Servs., Inc., 20 NY3d 59, 63). However, where, as here, evidentiary material is considered on a motion pursuant to CPLR 3211(a)(7), and the motion has not been converted to one for summary judgment, "the criterion is whether the [nonmoving party] has a cause of action, not whether he or she has stated one" (Angeli v Barket, 211 AD3d 896, 898 [internal quotation marks omitted]; see Burke v Newburgh Enlarged City Sch. Dist., 195 AD3d 674, 676).
Pursuant to Civil Rights Law § 70-a(1), "[a] defendant in an action involving public petition and participation . . . may maintain an action, claim, cross claim or counterclaim to recover damages, including costs and attorney's fees, from any person who commenced or continued such action." Under Civil Rights Law former § 70-a(1)(a), costs and attorney's fees were potentially recoverable "upon a demonstration that the action involving public petition and participation was commenced or continued without a substantial basis in fact and law and could not be supported by a substantial argument for the extension, modification or reversal of existing law." Civil Rights Law former § 76-a(1)(a) defined an "action involving public petition and participation," in relevant part, as an action "for damages that is brought by a public applicant or permittee, and is materially related to any efforts of the defendant to report on, comment on, rule on, challenge or oppose such application" (see Mable Assets, LLC v Rachmanov, 192 AD3d 998, 1000).
In 2020, during the pendency of this action, the Legislature amended the anti-SLAPP statutes (see L 2020, ch 250, §§ 1, 2 [eff Nov. 10, 2020]). The 2020 amendments substantially expanded the definition of "an action involving public petition and participation" contained in section 76-a to include "a claim based upon: (1) any communication in a place open to the public or a public forum in connection with an issue of public interest; or (2) any other lawful conduct in furtherance of the exercise of the constitutional right of free speech in connection with an issue of public interest, or in furtherance of the exercise of the constitutional right of petition" (Civil Rights Law § 76-a[1][a][1], [2]; see Gottwald v Sebert, 40 NY3d 240, 256-257). Additionally, the amendments altered the remedy offered by section 70-a for defendants falling within the purview of the amended section 76-a by making the award of costs and attorney's fees to such defendants mandatory rather than discretionary (see Civil Rights Law § 70-a[1][a]; Gottwald v Sebert, 40 NY3d at 257).
Contrary to the defendant's contention, the broadened definition of public petition and participation in the amended section 76-a does not apply retroactively to this action (see VIP Pet Grooming Studio, Inc. v Sproule, _____ AD3d _____, 2024 NY Slip Op 00205 [2d Dept]). The complaint, therefore, is governed by the prior statutory definition of an action involving public petition and participation (see VIP Pet Grooming Studio, _____ AD3d _____, 2024 NY Slip Op 00205).
While "actions within the scope of the former anti-SLAPP statute, if continued after the effective date of the 2020 anti-SLAPP amendments, are subject to the remedial provisions of Civil Rights Law §§ 70-a and 76-a as amended" (VIP Pet Grooming Studio, _____ AD3d at _____, 2024 NY Slip Op 00205, *6), here, the evidentiary material submitted by the plaintiff in support of her motion demonstrated that this action was not materially related to the defendant's efforts to report on, comment on, challenge, or oppose an application by the plaintiff (see Civil Rights Law former § 76-a; Guerrero v Carva, 10 AD3d 105, 117; cf. Mable Assets, LLC v Rachmanov, 192 AD3d at 1000). Therefore, the plaintiff established that the defendant did not have a viable cause of action alleging a violation of the anti-SLAPP law (see CPLR 3211[a][7]).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
Accordingly, the Supreme Court should have granted that branch of the plaintiff's motion which was pursuant to CPLR 3211(a) to dismiss the defendant's first counterclaim.
DUFFY, J.P., CHAMBERS, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court