| **Honig v Buhl** |
|:---:|
| 2025 NY Slip Op 31584(U) |
| May 2, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 155270/2021 |
| Judge: Alexander M. Tisch |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. ALEXANDER M. TISCH

*Justice*

PART          18

---------------------------------------------------------------X

BARRY HONIG,

                       Plaintiff,

        - v -

TERI BUHL,

                 Defendant.

---------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 155270/2021 |
| MOTION DATE | 12/05/2021 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 49

were read on this motion to/for                   DISMISS             .

In Motion Sequence Number 002, defendant Teri Buhl moves, pursuant to CPLR §§ 3211 (a)(1)(7), CPLR 3211(g) and N.Y. Civil Rights Law §§ 70-a(1)(a) and 76-a, for an order dismissing plaintiff Barry Honig's verified complaint and awarding defendant costs and attorneys' fees.

## BACKGROUND

In his complaint, plaintiff alleges that on October 22, 2020, Buhl published an article on her public website entitled "Barry Honig allegedly set up Undisclosed promotion in Majesco $Cool $PTE to influence Stock Price" (hereinafter "October 2020 Article"), which he claims contains several false and libelous statements. Plaintiff next alleges that on May 11, 2021, Buhl published an article entitled "Barry Honig promoter Jeff Auerbach gets Three Months Jail in stock Kickback Scheme" (hereinafter "May 2021 Article") which he claims contains additional defamatory statements which show Honig as engaging in a fraudulent scheme. Honig also takes issue with Buhl's use of an old and unflattering photograph which plaintiff claims was presented as current.

155270/2021  HONIG, BARRY vs. BUHL, TERI
Motion No.  002

Page 1 of 7

[* 1]

Plaintiff asserts causes of action sounding in libel and slander, tortious interference with business relationships, trade libel, and claims under New York Civil Rights Law §§ 50-51, based on the right of privacy, seeking damages and injunctive relief. After filing his summons and complaint, plaintiff also filed a motion by order to show cause seeking a preliminary injunction compelling defendant to remove the two articles (Motion Sequence No. 001, NYSCEF Doc. No. 8). That motion was denied (NYSCEF Doc. No. 25).

Buhl then moved to dismiss all claims for a variety of grounds.

## DISCUSSION

"'[A] motion to dismiss made pursuant to CPLR 3211 (a)(7) will fail if, taking all facts alleged as true and according them every possible inference favorable to the plaintiff, the complaint states in some recognizable form any cause of action known to our law'" (*East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc.*, 66 AD3d 122, 125 [2d Dept 2009], *affd* 16 NY3d 775 [2011], quoting *Shaya B. Pac., LLC v Wilson, Elser, Moskowitz, Edelman & Dicker, LLP*, 38 AD3d 34, 38 [2d Dept 2006]). Moreover, in considering a motion to dismiss for failing to state a cause of action pursuant to CPLR § 3211 (a)(7), the pleading is to be afforded a liberal construction (*see* CPLR 3026), and the court should "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *see also African Diaspora Mar. Corp. v Golden Gate Yacht Club*, 109 AD3d 204, 211 [1st Dept 2013]).

Among other grounds, defendant argues the action must be dismissed pursuant to New York's anti-SLAPP law. Buhl argues this suit is a Strategic Lawsuit Against Public Participation, or SLAPP litigation, of the type intended to discourage participation in public debate. The First

**155270/2021  HONIG, BARRY vs. BUHL, TERI**
**Motion No. 002**

Page 2 of 7

[* 2]

Department noted in 2020, "the legislature amended New York's anti-SLAPP statute to 'broaden the scope of the law and afford greater protections to citizens' beyond suits arising from applications to the government" (*Mable Assets, LLC v Rachmanov*, 192 AD3d 998, 1000 [2d Dept 2021]). Civil Rights Law § 76-a provides that

> "In an action involving public petition and participation, damages may only be recovered if the plaintiff, in addition to all other necessary elements, shall have established by clear and convincing evidence that any communication which gives rise to the action was made with knowledge of its falsity or with reckless disregard of whether it was false."

Additionally, under Civil Rights Law § 76-a, the term "public petition and participation" includes communication in a "public forum in connection with an issue of public interest" where "public interest" is meant to be "construed broadly and shall mean any subject other than a purely private matter" (Civil Rights Law § 76-a[1][a][1] and 76-a[1][d]).

CPLR § 3211(g)(1) states that when a moving party has demonstrated the claim subject to the motion is an "action involving public petition" as defined in the anti-SLAPP law, the motion is to be granted "unless the party responding to the motion demonstrates that the cause of action has a substantial basis in law" (*Reeves v Associated Newspapers, Ltd.*, 232 AD3d 10, 22 [1st Dept 2024] quoting CPLR 3211[g][1]). The First Department has held that "'substantial basis' under the anti-SLAPP law means 'such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact'" (*Reeves*, 232 AD3d at 12 quoting *Smartmatic USA Corp. v Fox Corp.*, 213 AD3d 512, 512 [1st Dept 2023]). In matters where the anti-SLAPP statute applies, "the plaintiff bears the burden of establishing by clear and convincing evidence that defamatory false statements were made with [actual malice, that is] knowledge of their falsity or with reckless disregard to whether the statements were true or false" (*Singh v Sukhram*, 56 AD3d 187, 194 [2d

155270/2021   HONIG, BARRY vs. BUHL, TERI
Motion No. 002

Page 3 of 7

Dept 2008]). If the claim is dismissed, the defendant recovers a mandatory award of attorneys' fees (*Goldman v Abraham Heschel School*, 227 AD3d 544, 545 [1st Dept 2024]).

Here, both the October 2020 and May 2021 articles discuss conduct and events related to plaintiff's participation in companies, including the alleged manipulation of publicly traded stock prices. The October 2020 Article discusses allegations that plaintiff "arranged for a stock list promotor to write [a] favorable analysis on a company called Majesco ($COOL)" a company that was publicly traded (attached as Exhibit C to Complaint, NYSCEF Doc. No. 5). The article includes several embedded hyperlinks to numerous sources, including the Securities and Exchange Commission.

The May 2021 Article alleges that Jeff Auerbach, a stock promoter was sentenced to three months in jail for "bribing stock brokers to put their main street clients into microcap stocks to prop up the price of a stock" (attached as Exhibit D to Complaint, NYSCEF Doc. No. 6). In the same document, defendant adds that Auerbach "worked with lots of people who have been charged by the SEC or arrested by the DOJ. This includes pump and dump fraudster Barry C. Honig" (*id.*). Defendant notes that one of the companies implicated in Auerbach's crimes, Hoth Therapeutics, is a company "Auerbach allegedly helped Honig promote" (*id.*).

As these articles and statements involve the alleged manipulation of publicly traded stock prices and were made in a public forum, defendant has established this is an "action involving public petition" under CPLR § 3211(g)(1). Therefore, the anti-SLAPP defense raised by defendant applies to these claims, despite plaintiff's conclusory parenthetical that it does not. The burden now shifts to plaintiff.

**155270/2021 HONIG, BARRY vs. BUHL, TERI**
**Motion No. 002**

**Page 4 of 7**

4 of 7

In his opposition, plaintiff asks the Court to consider the motion pursuant to CPLR 3211(g), which he contends does not impose a 'clear and convincing' standard. Plaintiff argues he is only required to show the claims have a substantial basis in law.

Plaintiff's argument fails because the anti-SLAPP statute imposes a heightened standard of proof upon the plaintiff in an action for defamation and requires the plaintiff to establish, by a standard of clear and convincing evidence, that defendant acted with actual malice (*Guerrero v Carva*, 10 AD3d 105, 116 [1st Dept 2004], *citing* Civil Rights § 76-a[2]). "[A] statement is made with actual malice when it is made 'with knowledge that it was false or with reckless disregard of whether it was false or not'" (*id.* at 115, quoting *New York Times Co. v Sullivan*, 376 US 254, 280 [1964]. Moreover, the Appellate Division, First Department has noted the "[actual malice] standard is a subjective one, focusing on the speaker's state of mind" (*Hoesten v Best*, 34 AD3d 143, 155 [1st Dept 2006]).

Here, plaintiff's complaint fails to plead any facts sufficient to establish that either the October 2020 Article or May 2021 Article were published with actual malice. There are no allegations in the complaint that show defendant was "highly aware" statements in the articles were probably false, nor does the complaint allege any facts which would support the conclusion defendant "harbored an intent to avoid the truth" (*Sweeney v Prisoners' Legal Servs. of N.Y.*, 84 NY2d 786, 793 [1995]). Plaintiff's allegations regarding their prior interactions and litigation evidence a long history of disputes between the parties, but do not provide clear and convincing evidence of plaintiff's knowledge or reckless disregard. Instead, plaintiff argues that the elements of libel, defamation, trade libel, tortious interference and a cause of action pursuant to Civil Rights Law 50-51 have been sufficiently pled. Plaintiff merely makes blanket allegations that statements by defendant were false. Even if they were, "the failure to investigate its truth, standing alone, is

**155270/2021  HONIG, BARRY vs. BUHL, TERI**
**Motion No. 002**

Page 5 of 7

[* 5]

not enough to prove actual malice even if a prudent person would have investigated before publishing the statement" (*Sweeney*, 84 NY2d at 793). As plaintiff has failed to establish, by a standard of clear and convincing evidence, that his claims have a substantial basis in law, defendants' motion to dismiss is granted and plaintiff's complaint is dismissed in its entirety. The remaining arguments raised by defendant need not be addressed.

Lastly, given that plaintiff has failed to demonstrate that his claims have a substantial basis in law, defendant is entitled to recover her costs and attorney fees (*see Aristocrat Plastic Surgery, P.C.*, 206 AD3d at 32 reinstating a request for attorney's fees under Civil Rights Law §§ 70-a and 76-a made in the defendant's pre-answer motion to dismiss).

## CONCLUSION

Accordingly, it is

ORDERED, the motion of defendant Teri Buhl, seeking an order dismissing plaintiff Barry Honig's complaint, is GRANTED; and it is further

ORDERED that the determination of the amount of attorneys' fees to be awarded to defendant is referred to a Special Referee to hear and report; and it is further

ORDERED that counsel for the defendant shall, within 30 days from the date of this order, serve a copy of this order with notice of entry, together with a completed Information Sheet,[1] upon the Special Referee Clerk in the General Clerk's Office (Room 119), who is directed to place this matter on the calendar of the Special Referee's Part for the earliest convenient date; and it is further

ORDERED that such service upon the Special Referee Clerk shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for*

---

[1] Available on the Court's website at www.nycourts.gov/supctmanh under the "References" link on the navigation bar.

**155270/2021   HONIG, BARRY vs. BUHL, TERI**
**Motion No.  002**

Page 6 of 7

6 of 7

[* 6]

*Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website at the address

www.nycourts.gov/supctmanh).

This constitutes the decision and order of the Court.

| 5/2/2025 | | | |
|----------|---|---|---|
| **DATE** | | **ALEXANDER M. TISCH, J.S.C.** | |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | X | GRANTED | DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | X  REFERENCE |

**155270/2021   HONIG, BARRY vs. BUHL, TERI**
**Motion No.  002**

Page 7 of 7

7 of 7