Moonbeam Gateway Mar., LLC v Tai Chan (2025 NY Slip Op 03802)

Moonbeam Gateway Mar., LLC v Tai Chan

2025 NY Slip Op 03802

Decided on June 25, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
PAUL WOOTEN
LOURDES M. VENTURA
DONNA-MARIE E. GOLIA, JJ.

2024-02127
 (Index No. 526959/22)

[*1]Moonbeam Gateway Marina, LLC, appellant,
v
Tai Chan, respondent.

Andrei A. Popescu, PLLC, Brooklyn, NY, for appellant.
Bryant & Pipenger, LLP, Mineola, NY (Matt Bryant of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for defamation, the plaintiff appeals from an order of the Supreme Court, Kings County (Francois A. Rivera, J.), dated February 23, 2024. The order granted those branches of the defendant's motion which were pursuant to CPLR 3211(a)(7) and (g) to dismiss the complaint and pursuant to Civil Rights Law § 70-a(1)(a) for an award of costs and attorneys' fees.
ORDERED that the order is reversed, on the law, with costs, and those branches of the defendant's motion which were pursuant to CPLR 3211(a)(7) and (g) to dismiss the complaint and pursuant to Civil Rights Law § 70-a(1)(a) for an award of costs and attorneys' fees is denied.
In September 2022, the plaintiff commenced this action, inter alia, to recover damages for defamation against the defendant. The complaint alleged that on May 27, 2022, the defendant, a customer of the plaintiff, made untrue statements regarding the plaintiff to another customer, including that the plaintiff "is engaged in money laundering." The defendant allegedly made the statements to the customer while they were outside a building where the plaintiff performs boat repair services. The defendant moved, among other things, pursuant to CPLR 3211(a)(7) and (g) to dismiss the complaint and pursuant to Civil Rights Law § 70-a(1)(a) for an award of costs and attorneys' fees, arguing that the action constituted a strategic lawsuit against public participation (hereinafter SLAPP suit) (see id. § 76-a). In an order dated February 23, 2024, the Supreme Court granted those branches of the defendant's motion. The plaintiff appeals.
"Pursuant to amendments to the relevant statute that became effective in 2020, a SLAPP suit is defined as an action that, among other things, is based on '(1) any communication in a place open to the public or a public forum in connection with an issue of public interest; or (2) any other lawful conduct in furtherance of the exercise of the constitutional right of free speech in connection with an issue of public interest, or in furtherance of the exercise of the constitutional right of petition'" (Tcharnyi v Mendez, 221 AD3d 930, 931, quoting Civil Rights Law § 76-a[1][a][1], [2]). The statute provides that the term "public interest" "shall be construed broadly, and shall mean any subject other than a purely private matter" (Civil Rights Law § 76-a[1][d]; see Gottwald v Sebert, 40 NY3d 240, 257; Tsamasiros v Jones, 232 AD3d 816, 819).
On a defendant's motion pursuant to CPLR 3211(a)(7) and (g), once a defendant [*2]establishes that the action is an action involving public petition and participation, the plaintiff is "obligated to demonstrate that the causes of action alleged have a 'substantial basis in law'" (Mable Assets, LLC v Rachmanov, 192 AD3d 998, 1000, quoting CPLR 3211[g]). Further, costs and attorneys' fees shall be awarded to a defendant in a SLAPP suit "upon a demonstration . . . that the action involving public petition and participation was commenced or continued without a substantial basis in fact and law and could not be supported by a substantial argument for the extension, modification or reversal of existing law" (Civil Rights Law § 70-a[1][a]).
Contrary to the plaintiff's contention, the defendant satisfied his initial burden of establishing that this action is an action involving public petition and participation, since it involves a claim based upon "lawful conduct in furtherance of the exercise of the constitutional right of free speech in connection with an issue of public interest" (id. § 76-a[1][a][2]). As alleged in the complaint, in April 2018, the plaintiff entered into a 60-year lease with the National Park Service (hereinafter the NPS)—a governmental agency and bureau of the United States Department of the Interior—which authorized the plaintiff to operate the Gateway Marina on federally owned land in Brooklyn. Further, the complaint alleged that the defendant, who had a history of engaging in conduct "designed to disrupt [the] [p]laintiff's operation of the Marina and its relationship with [the NPS]," made the statements at issue to another customer with the intent "to cause a termination of [the] [p]laintiff's lease of the Marina" by the NPS. According to the complaint, the defendant made statements, inter alia, accusing the plaintiff of engaging in money laundering. Under these circumstances, the defendant established that the causes of action were asserted in connection with an issue of public interest, as the defendant allegedly accused an entity operating with the authority of a governmental agency of criminal conduct (see Reeves v Associated Newspapers, Ltd., 232 AD3d 10, 19).
Since the defendant established that this action constitutes an action involving public petition and participation, the burden shifted to the plaintiff to demonstrate that the causes of action had a substantial basis in law (see id. at 12, 18-19).
"The elements of a cause of action [alleging] defamation are (a) a false statement that tends to expose a person to public contempt, hatred, ridicule, aversion, or disgrace, (b) published without privilege or authorization to a third party, (c) amounting to fault as judged by, at a minimum, a negligence standard, and (d) either causing special harm or constituting defamation per se" (Bowen v Van Bramer, 205 AD3d 674, 674-675 [internal quotation marks omitted]; see Greenberg v Spitzer, 155 AD3d 27, 41). "Since falsity is a necessary element of a defamation cause of action and only 'facts' are capable of being proven false, 'it follows that only statements alleging facts can properly be the subject of a defamation action'" (Gross v New York Times Co., 82 NY2d 146, 152-153, quoting 600 W. 115th St. Corp. v Von Gutfeld, 80 NY2d 130, 139). Further, since the defendant established that this action is an action involving public petition and participation, "damages may only be recovered if the plaintiff, in addition to all other necessary elements, shall have established by clear and convincing evidence that any communication which gives rise to the action was made with knowledge of its falsity or with reckless disregard of whether it was false, where the truth or falsity of such communication is material to the cause of action at issue" (Civil Rights Law § 76-a[2]; see Mable Assets, LLC v Rachmanov, 192 AD3d at 1001).
Here, contrary to the Supreme Court's determination, the defendant's alleged statement that the plaintiff "is engaged in money laundering" did not constitute pure nonactionable opinion (see Gross v New York Times Co., 82 NY2d at 155-156; Guerrero v Carva, 10 AD3d 105, 114). Further, although the defendant's alleged description of the plaintiff as a "shady company" amounted to no more than "nonactionable opinion or rhetorical hyperbole" (Stolatis v Hernandez, 161 AD3d 1207, 1209), the remaining portions of that statement, in which the defendant allegedly stated that the plaintiff was "incorporated in Nevada with businesses elsewhere," signaled that facts, unknown to the listener, were being conveyed about the plaintiff (see VIP Pet Grooming Studio, Inc. v Sproule, 224 AD3d 78, 91; Levy v Nissani, 179 AD3d 656, 659). Moreover, the complaint alleged that the defendant acted with "actual malice" or reckless disregard as to whether the statements were true or false (see Mable Assets, LLC v Rachmanov, 192 AD3d at 1001). In addition, the complaint was not required to allege special damages, since it asserted a cause of action alleging defamation [*3]per se based upon allegations that the defendant made statements charging the plaintiff with a serious crime or tending to injure it in its trade, business, or profession (see VIP Pet Grooming Studio, Inc. v Sproule, 224 AD3d at 90-91; Kasavana v Vela, 172 AD3d 1042, 1047-1048). Thus, the plaintiff established that the cause of action alleging defamation per se had a substantial basis in law (see Mable Assets, LLC v Rachmanov, 192 AD3d at 1001). Further, under the circumstances of this case, the plaintiff established that the other causes of action predicated upon the allegedly defamatory statements had a substantial basis in law (see id.).
Since the plaintiff sufficiently demonstrated that the causes of action had a substantial basis in law, the defendant was not entitled to an award of costs and attorneys' fees pursuant to Civil Rights Law § 70-a(1)(a).
Accordingly, the Supreme Court should have denied those branches of the defendant's motion which were pursuant to CPLR 3211(a)(7) and (g) to dismiss the complaint and pursuant to Civil Rights Law § 70-a(1)(a) for an award of costs and attorneys' fees.
DILLON, J.P., WOOTEN, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court